IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN D. SOUTER, JR.,
 Plaintiff,

vs.              Case No. 3:10cv65/MCR/EMT

WARDEN ELLIS, et al.,
  Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's motion for entry of default (Doc. 21) and motion for default judgment (Doc. 23). Plaintiff seeks entry of a default judgment against Defendants on the ground that Defendants were served with process by the United States Marshals Service (USMS) during the first week of April and have not filed an answer or otherwise defended this action (*id.*).

In part, Rule 55 provides:

> **(a)**  **Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b)**  **Entering a Default Judgment**.
>
> > **(1)**  **By the Clerk**. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . .
>
> > **(2)**  **By the Court**. In all other cases the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

**(A)** conduct an accounting;
**(B)** determine the amount of damages;
**(C)** establish the truth of any allegation by evidence; or
**(D)** investigate any other matter.

Fed. R. Civ. P. 55. Thus, prior to obtaining a default judgment under either Rule 55(b)(1) by the clerk or Rule 55(b)(2) by the court, there must be an entry of default as provided in Rule 55(a), which the clerk is authorized to enter.

In the instant case, all of the necessary elements of default are not present. Most importantly, there is no evidence that Defendants were served with process. Indeed, the court has not had an opportunity to screen Plaintiff's amended complaint (Doc. 17) pursuant to 28 U.S.C. § 1915(e)(2);[1] therefore, there has been no determination that service of the complaint is appropriate and no order directing the USMS to serve process upon Defendants. Therefore, Defendants are not in default.

Accordingly, it is **ORDERED**:

The Report and Recommendation issued June 28, 2010 (Doc. 22) is hereby **VACATED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's motion for entry of default (Doc. 21) and motion for default judgment (Doc. 23) be **DENIED**.

At Pensacola, Florida, this 29th day of June 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] Plaintiff is proceeding in forma pauperis (*see* Doc. 7).