IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN D. SOUTER, JR.,
     Plaintiff,

vs.                                  Case No.: 3:10cv65/MCR/EMT

WARDEN ELLIS, et al.,
     Defendants.
_____/

## ORDER

     This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 17). Leave to proceed in forma pauperis has been granted.

     Plaintiff names twenty (20) Defendants in this action, including nine (9) unidentified Defendants, three of whom are described as Lieutenant "John Does," four as Correctional Officer "John Does," one as Nurse "Jane Doe," and one as "Colonal" (Doc. 17 at 1–6). Plaintiff is advised that it is incumbent upon him to ascertain the identities of the unidentified Defendants, either by name, whereabouts, or description, so that they may be served. While the use of "John Doe" Defendants is initially permissible, Plaintiff must first seek to determine the identities of these persons before the court will direct service of this action.[1] Once Plaintiff has made such an attempt, he must inform the court of the steps taken to discover the identities of the nine individuals. Then "John Doe" may be used if needed, but Plaintiff must describe as fully as possible each unknown Defendant by stating what shift or shifts he or she worked and by further describing his or her appearance. If a "John Doe" Defendant cannot be identified sufficiently in order to summon that individual to appear, dismissal of that Defendant from this action may be warranted. *See* Fed. R. Civ. P. 4(m); Wayne v. Jarvis, 197 F.3d 1098 (11th Cir. 1999).

---

[1] Inmates in other cases have successfully identified "John Doe" Defendants by submitting an inmate request or grievance with a copy of this order to an appropriate official.

Accordingly, it is **ORDERED**:

1.      Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall seek to determine the identity of each of the nine unidentified Defendants.  If Plaintiff determines the identity of the "Doe" Defendants, he shall identify them by name in a notice to the court.  If Plaintiff is unable to ascertain an individual's identity, he shall inform the court, in a sworn affidavit, of the steps taken to discover each individual's identity.  Additionally, he shall provide a physical description of each unidentified Defendant and the shift that he or she worked.

2.      Plaintiff's failure to comply with this order may result in a recommendation of dismissal of the unidentified Defendants from this action.

At Pensacola, Florida this 29th day of June 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**