IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION

LEGAL MAIL PROVIDED TO
FLORIDA STATE PRISON
ON

APR 1 9 2011

FOR MAILING
INMATES INITIALS

JOHN D. SOUTER JR.,

PLAINTIFF,

V.                                                    CASE NO. 3:10cv65/MCR/EMT

WARDEN D. ELLIS, et al.,

DEFENDANTS.

## PLAINTIFFS RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

PLAINTIFF, SUBMITS THIS RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. PROC. 56 AND LOCAL RULE 56.1 (A), BECAUSE THE DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN OF DEMONSTRATING THAT THERE IS NO DISPUTE AS TO ANY MATERIAL FACT, AND BECAUSE THE FACTS SET FORTH IN PLAINTIFFS, STATEMENT OF MATERIAL FACTS AND THE REFERENCED AND/OR ATTACHED EVIDENCE SHOW THAT THE DEFENDANTS VIOLATED PLAINTIFFS CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS, AND THIS HONORABLE COURT SHOULD DENY DEFENDANTS MOTION.

I. PLAINTIFFS HAS NOT STATED A CLAIM FOR SUPERVISORY LIABILITY; DEFENDANTS
ELLIS, HAAS, M. BARNES, AND LEDFRINS ARE ENTITLED TO QUALIFIED IMMUNITY

DEFENDANTS DOCUMENT NUMBER 81 HAS BEEN TREATED AS A MOTION FOR SUMMARY JUDGMENT SINCE DEFENDANTS ASK THE COURT TO CONSIDER MATTERS OUTSIDE THE PLEADINGS. HOWEVER, DEFENDANTS HAVE ALLEGED THAT WARDEN ELLIS, ASSISTANT WARDEN HAAS, INSPECTOR LEDFRINS, AND COLONIAL BARNES, ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE THESE SPECIFIC DEFENDANTS CANNOT BE HELD LIABLE FOR THE ALLEGED MISCONDUCT OF THEIR SUBORDINATES UNDER SUPERVISORS LIABILITY. DEFENDANTS ARE ATTEMPTING TO CONVINCE THIS HONORABLE COURT THAT PLAINTIFFS AVERMENT IS VAGUE AND CONCLUSORY BECAUSE THE ALLEGATIONS OF "WIDESPREAD ABUSE" WAS NOT SUPPORTED BECAUSE, ACCORDING TO DEFENDANTS, PLAINTIFF ONLY SPECIFICALLY ALLEGED IN PLAINTIFFS COMPLAINT - THE ALLEGATIONS FROM OCTOBER 22, 2008 (SEE DOC.#81, Pg. 3-5).

QUALIFIED IMMUNITY SHIELDS A GOVERNMENT OFFICIAL PERFORMING DISCRETIONARY FUNCTIONS FROM CIVIL LIABILITY ONLY "INSOFAR AS THEIR CONDUCT DOES NOT VIOLATE CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN." HOPE V. PELTZER, 536 U.S. 730 (2002), CITING HARLOW V. FITZGERALD, 457 U.S. 800, 818 (1982).

Filed 04-25-11 USDCFln3PM0226

THE RIGHTS AT ISSUE MUST HAVE BEEN CLEARLY ESTABLISHED SO THAT A REASONABLE OFFICER WOULD UNDERSTAND THAT HIS CONDUCT IS UNLAWFUL. HOPE 536 U.S. AT 739. THE COURT MUST LOOK TO WHETHER PRE-EXISTING LAW AND THE INFORMATION AVAILABLE TO THE OFFICIAL AT THE TIME THAT THE CONDUCT OCCURRED GAVE HIM NOTICE THAT HIS ACTIONS VIOLATED THE LAW. WHEN THE LAW GIVES A REASONABLE OFFICIAL FAIR WARNING". THE OFFICIAL CAN BE ON NOTICE THAT HIS CONDUCT IS UNLAWFUL EVEN IN NOVEL FACTUAL CIRCUMSTANCES THAT NO COURT HAS SPECIFICALLY ADDRESSED. HOPE 536 U.S. AT 740-41. A DEFENDANT IS NOT ENTITLED TO QUALIFIED IMMUNITY IF PLAINTIFF'S ALLEGATIONS, IF TRUE, ESTABLISH A CONSTITUTIONAL VIOLATION AND THE RIGHT AT -ISSUE WAS CLEARLY ESTABLISHED AT THE TIME OF DEFENDANTS ACTIONS.

IN 2002, THE ELEVENTH CIRCUIT HELD THAT "[IN] THIS COURT, A DEFENSE OF QUALIFIED IMMUNITY IS NOT AVAILABLE IN CASES ALLEGING 'EXCESSIVE FORCE IN VIOLATION OF THE 8TH AMENDMENT, BECAUSE THE USE OF FORCE 'MALICIOUSLY AND SADISTICALLY TO CAUSE HARM IS CLEARLY ESTABLISHED TO BE A VIOLATION OF THE CONSTITUTION BY THE SUPREME COURT DECISION IN HUDSON, AND WHITLEY." SKRTICH V. THORNTON, 280 F.3D 1295,1301 (11TH CIR.2002). SKRTICH ADDRESSED CONDUCT THAT OCCURRED IN 1998. BOTH WHITLEY (DECIDED IN 1986), AND HUDSON (DECIDED IN 1992), WERE WELL ESTABLISHED BY OCTOBER 22, 2008, THE DATE AT ISSUE IN THE INSTANT MANNER. THIS ELEVENTH CIRCUIT RULE SERIOUSLY UNDERCUTS ALL OF THE DEFENDANTS DEFENSE OF QUALIFIED IMMUNITY TO PLAINTIFFS WELL-PLED CLAIM ABOUT EXCESSIVE FORCE.

A DEFENSE OF QUALIFIED IMMUNITY CAN FAIL EVEN IF CASE LAW HAS NOT SPECIFICALLY ADDRESSED THE EXACT FACTUAL SCENARIO AT ISSUE IN A CASE. SEE, e.g. HOPE 536 U.S. AT 740-41. FOR EXAMPLE, IN SKRTICH V. THORNTON, 280 F.3D 1295,1502-05 (11TH CIR.2002), THE ELEVENTH CIRCUIT REJECTED THE ARGUMENT THAT, DESPITE THE BODY OF CASE LAW THAT ESTABLISHED THE UNCON-STITUTIONALITY OF BEATING AN UNRESISTING PRISONER, CORRECTIONAL OFFICER DEFENDANTS WERE ENTITLED TO QUALIFIED IMMUNITY BECAUSE THEY HAD INFLICTED THE BEATING IN THE CONTEXT OF A CELL EXTRACTION AND NO CASE HAD EVER ADDRESSED THAT CONTEXT. SIMILARLY, IN VALDES V. CROSBY, THE PLAINTIFF ALLEGED THAT DEFENDANT JAMES CROSBY, THEN THE WARDEN OF FLORIDA STATE PRISON, ("F.S.P.") WAS DELIBERATELY INDIFFERENT TO A RISK OF HARM TO INMATE VALDES, WHO WAS BEATEN BY CORREC-TIONAL OFFICERS AT F.S.P. SEE VALDES V. CROSBY, CASE 3:01-cv-00799-TJC-HTS, D.E. #402, ORDER ON MOTION FOR SUMMARY JUDGMENT (M.D.FL.2005). THAT COURT DEFINED THE QUESTION AT ISSUE AS "WHETHER IT WAS CLEARLY ESTABLISHED AT THE TIME OF VALDES' DEATH THAT A WARDEN COULD FACE LIABILITY UNDER § 1983, PREDICATED ON HIS FAILURE TO TAKE REASONABLE STEPS IN THE FACE OF A HISTORY OF WIDESPREAD ABUSE WHICH CREATED A KNOWN SUBSTANTIAL RISK OF SERIOUS HARM TO INMATES OR HIS ADOPTION OF CUSTOM OR POLICIES WHICH RESULTED IN DELIBERATE INDIFFERENCE TO THE CONSTITUTIONAL RIGHTS OF PRISON INMATES. IN DOING SO, THIS COURT REJECTED DEFENDANT CROSBY'S ATTEMPTS TO VERY NARROWLY DEFINE THE CLEARLY ESTABLISHED

LAW TO CONSIDER IN THE QUALIFIED IMMUNITY ANALYSIS. SEE **GENERALLY VALDES**, D.E.#231. DEFENDANT CROSBY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (M.D. FL. 2004).

IN PLAINTIFF'S CASE, PLAINTIFF, SOUTER, AVERED THAT DEFENDANTS, ELLIS, HAAS, LEDMONS, AND BARNES ARE LIABLE FOR EXCESSIVE FORCE, SERIOUS MEDICAL NEEDS AND DELIBERATE INDIFFERENCE BY SUBORDINATES MISCONDUCT VIOLATING PLAINTIFF'S RIGHTS WHICH CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT UNDER THE **8TH AMENDMENT** OF THE UNITED STATES CONSTITUTION BECAUSE, BEFORE THE **OCTOBER 22, 2008**, INCIDENT-DEFENDANTS HAD KNOWLEDGE OF THE WIDESPREAD ABUSE THROUGH USE OF FORCE REPORTS, PLAINTIFF'S NUMEROUS GRIEVANCES, PERSONAL OBSERVATION, REFERRED TO IN **PARAGRAPHS 22** AND **23**, WITHIN THE STATEMENT OF FACTS OF THE AMENDED CIVIL COMPLAINT, INCLUDING THE SEVERAL TELEPHONE CALLS DIRECTLY TO PRISON OFFICIALS FROM PLAINTIFF'S FAMILY CONCERNING THE HOSTILITY BETWEEN STAFF AND PLAINTIFF PRIOR TO THE BRUTAL FORCE OF CHEMICAL AGENTS BEING SPRAYED IN PLAINTIFF'S FACE CAUSING VOMITTING, VISUAL DEPLETION AND DIFFICULTY BREATHING, AND DIRECTLY FOLLOWED BY SGT. EDELEN'S EXCESSIVE FORCE WHILE PLAINTIFF WAS ALREADY SUBDUED BY CHEMICAL AGENTS AND RESTRAINED IN RESTRAINTS SECURED BEHIND SOUTER'S BACK. SGT. EDELEN APPLIED MALICIOUS AND SADISTIC EXCESSIVE FORCE CAUSING SIGNIFICANT INJURIES TO PLAINTIFF'S FOREHEAD AND MULTIPLE LACERATIONS TO BOTH SIDES OF FACE, REQUIRING APPROXIMATELY 14 STITCHES AND DAMAGED LEFT HAND.

IN PLAINTIFF'S CASE, PLAINTIFF, INITIATED THIS CIVIL RIGHTS ACTION BY FILING A COMPLAINT UNDER 42 U.S.C. § 1983 (SEE DOC. #1).

HOWEVER, PLAINTIFF, FAILED TO USE THE COURT-APPROVED FORM FOR FILING HIS COMPLAINT; AND THEREFORE, THE COURT ISSUED AN ORDER FOR PLAINTIFF TO FILL OUT A NEW CIVIL RIGHTS COMPLAINT FORM, MARKING IT "AMENDED COMPLAINT, (SEE DOC.#6).

AS SUCH, PLAINTIFF SUBSEQUENTLY PROCEEDED WITH THE AMENDED COMPLAINT. BUT, AS A PRO SE LITIGANT, PLAINTIFF MADE ONE MISTAKE BY FAILING TO ATTACH SUPPORTING EVIDENCE TO THE SUPPORTING FACTS IN THE AMENDED COMPLAINT, ALTHOUGH THE EVIDENCE WAS ATTACHED TO THE ORIGINAL COMPLAINT.

NONETHELESS, THIS HONORABLE COURT ENTERED AN ORDER IN DOC.#82, INSTRUCTING THE PLAINTIFF TO PROVIDE AFFIDAVITS AND EVIDENCE WITH FACTS THAT ARE ESSENTIAL TO JUSTIFY HIS OPPOSITION TO DEFENDANTS MOTION, OR FILE A SWORN STATEMENT AS TO WHY HE IS UNABLE TO DO SO. (SEE DOC.#82, Pg. 2 OF 3).

PLAINTIFF, CONTENDS THAT HE IS NOW PROVIDING HIS OWN SWORN AFFIDAVIT THAT WILL PRESENT THIS HONORABLE COURT WITH FACTS, GRIEVANCE EVIDENCE, AND A FULL DISCLOSURE OF SUPPORTING INVESTIGATORY DOCUMENTS IN THE APPENDIX OF THE AFFIDAVIT, THAT WILL CLEARLY SHOW THAT DEFENDANTS, ELLIS, HAAS, BARNES, AND LEDMONS, ARE LIABLE UNDER SUPERVISOR LIABILITY

BY THE EVIDENCE OF DEFENDANTS BEING AWARE OF WIDESPREAD ABUSE PRIOR TO THE OCTOBER 22,2008, ILLEGAL ACTS THAT WERE MALICIOUSLY AND SADISTICALLY COMMITTED BY THEIR SUBORDINATES, IN WHICH EACH INDIVIDUALLY NAMED DEFENDANT IS ALSO CLEARLY SHOWN TO BE LIABLE BY THE SAME FACTS AND EVIDENCE IN THEIR CONNECTION AND RESPECTIVE ACTS OR DELIBERATE INDIFFERENCE FOR WHICH A REASONABLE JUDGE OR JURY COULD RULE IN PLAINTIFF'S FAVOR IF THE FACTS AND EVIDENCE IN THE AFFIDAVIT AND APPENDIX OF THE AFFIDAVIT IS HEARD AT TRIAL.(SEE PLAINTIFFS SWORN AFFIDAVIT PAGES 1 OF 12 THROUGH 12 OF 12, WITH THE APPENDIX OF ALL EXHIBIT EVIDENCE DOCUMENTS IN SUPPORT OF THIS RESPONSE FOR DEFENDANTS MOTION FOR SUMMARY JUDGMENT).

DEFENDANT(S), CAN HARDLY ASSERT THAT THEY WERE UNAWARE THAT IT WOULD BE A VIOLATION OF PLAINTIFFS CONSTITUTIONAL RIGHTS FOR DEFENDANTS TO ABUSE PLAINTIFF WHILE RESTRAINED, FOR NO PURPOSE OTHER THAN TO SADISTICALLY AND MALICIOUSLY INFLICT PAIN UPON HIM. UNDER THESE CIRCUMSTANCES, THE LAW IN THIS CIRCUIT IS CLEAR THAT THE DEFENSE OF QUALIFIED IMMUNITY IS UNAVAILABLE TO DEFENDANT(S).

THE EIGHTH AMENDMENT, APPLICABLE TO STATES THROUGH THE FOURTEENTH AMENDMENT, BANS INFLICTION OF CRUEL AND UNUSUAL PUNISHMENT. SEE **ESTELLE V. GAMBLE,** 429 U.S.97, 102 (1976). IT PROTECTS AGAINST "UNNECESSARY AND WANTON INFLICTION OF PAIN." **WHITLEY V. ALBERS,** 475 U.S.312,319 (1986)

IT IS CLEAR THAT SOUTER, EVENTUALLY COMPLIED TO ORDERS AFTER SPEAKING TO "COLONEL BARNES", AND SUBMITTED TO RESTRAINTS SECURED BEHIND PLAINTIFFS BACK AT APPROXIMATELY ,10:15 A.M., AND SGT. EDELEN ,ENTERED THE CELL, ASSISTED BY C.O. FRIZZEL, SGT. SMITH, SGT. JOHNSON, C.O. HALL & LT. MOLODZIEO. UPON ENTERING EDELEN, REACHED DOWN TO SOUTERS WAIST TO TAKE THE LEFT HAND AND TWIST THOSE FINGERS OF THAT HAND, WHILE SIMULTANEOUSLY STATING, "QUIT RESISTING". SOUTER, WAS PUSHED FORWARD FACE DOWN AND EDELEN TOOK SOUTERS HEAD IN BOTH HANDS AND BASHED SOUTERS HEAD TEN TO FIFTEEN TIMES. BETWEEN EACH BASHING EDELEN TURNED SOUTERS HEAD FROM ONE **SIDE** BACK & FORTH & CONTINUED SLAMMING PLAINTIFF'S, HEAD AGAINST THE CONCRETE FLOOR, RESULTING IN MULTIPLE LACERATIONS TO BOTH SIDES OF SOUTERS FACE & A HEMATOMA TO THE FOREHEAD, RIGHT CHEEK & INJURIED LEFT HAND. AT ONE POINT SOUTER LOST CONSCIOUSNESS IN THE AGONIZING PAIN, (SEE PLAINTIFF'S SWORN AFFIDAVIT PAGE 6 OF 12, & 10 OF 12 -11 OF 12, EXHIBITS (A) NUMBER 43,45 & 46, IN THE APPENDIX OF THE AFFIDAVIT)

EXHIBIT (A) 43, WILL CLEARLY SHOW MEDICAL REPORTS OF INMATE SOUTER. EXHIBIT(A) 45, WILL SHOW DIGITAL PICTURES OF INMATE SOUTERS FACIAL INJURIES ; AND EXHIBIT (A)46, WILL SHOW DIGITAL PICTURES OF THE CELL LOCATION.

THIS EVIDENCE WILL SHOW THAT EXCESSIVE FORCE WAS USED IN A BRUTAL MANNER WHILE PLAINTIFF WAS RESTRAINED AND HAD ALREADY BEEN DECEPTIVELY SPRAYED WITH CHEMICAL AGENTS AND COMPLIED WITH THE SUPERVISORS ORDERS TO ALLOW THE SUBORDINATE OFFICERS TO HANDCUFF PLAINTIFF.

ASSISTING OFFICERS, FRIZZELL, SGT. SMITH, SGT. JOHNSON, C.O. HALL, & LT. HOLODZIEJ, STOOD OVER THE BLOODIED SOUTER AND MADE NO REASONABLE STEPS TO INTERVENE IN THE MALICIOUS AND SADISTIC ATTACK BY SGT. EDELEN, THAT CAUSED GREAT BODILY HARM TO PLAINTIFF, WHILE HANDCUFFED; AND EACH OF THESE OFFICERS ACTED WITH DELIBERATE INDIFFERENCE TO THE GRATUITOUS FORCE APPLIED WHEN PLAINTIFF WAS VULNERABLE, AN UNABLE TO DO ANYTHING.

FURTHER, CAPT. JOHNSON, CAPT. HAMMONTREE, LT. A. WILLIAMS, AND SGT. THOMAS STOOD AT THE CELL LOCATION DOOR REPEATEDLY HEARD THE BANGING THUD OF PLAINTIFF'S HEAD SLAMMING THE FLOOR, WITNESSING THE DAMAGE & SPILLING BLOOD, AND ACTED WITH DELIBERATE INDIFFERENCE TO THE BRUTAL FORCE DONE DIRECTLY IN THEIR VISUAL PRESENCE, WHILE C.O. WEBRLIN OPERATED THE USE OF FORCE CAMERA, WITNESSING THE LIVE FOOTAGE & REMAINED SILENT.

AS PLAINTIFF, WAS ESCORTED FROM CELL C-1222, SOUTER, WAS LEAD PAST ASST. WARDEN HENDERSON, HOLDING THE EXIT DOOR TO WING ONE AND TAKEN TO WING TWO. PLAINTIFF, WAS MADE TO KNEEL BEFORE THE SHOWER STALL IN PREPERATION FOR THE POST USE OF FORCE SHOWER PROCEDURE. SGT. EDELEN, C.O. FRIZZELL, CAPT. HAMMONTREE, CAPT. JOHNSON LT. WILLIAMS, SGT. THOMAS, C.O. WEBRLIN, LT. HOLODZIEJ, SGT. W. JOHNSON, ACTED WITH DELIBERATE INDIFFERENCE TO THE SERIOUS MEDICAL NEEDS, WHEN IT WAS CLEAR THAT PLAINTIFF SUFFERED FROM THE APPLIED CHEMICAL AGENT & PROFUSIVE BLEEDING, VISUAL TO THESE WITNESSES/DEFENDANTS, CAUSED BY EDELENS ATTACK, AND NEVER ALLOWING PLAINTIFF TO SHOWER AFTER THE ADMINISTRATION OF CHEMICAL AGENTS.(SEE EXHIBITS (A)).

ON MARCH 29, 2010, INMATE FRANK WHEELER PROVIDED A WRITTEN DECLARATION ON BEHALF OF PLAINTIFF, (SOUTER), IN REGARDS TO THE OCTOBER 22, 2009, INCIDENT FOR WHICH INMATE WHEELER DIRECTLY IDENTIFIED HIMSELF AS AN EYE WITNESS WHO WAS DIRECTLY ACROSS THE HALL FROM PLAINTIFFS. (CELL), FORMER CELL LOCATION OF C-1222, AT WHICH TIME INMATE WHEELER HAD OBSERVED C.O. PARROTT DECEITFULLY SPRAY CHEMICAL AGENTS INTO CELL C-1222, BASED ON ALLEGATION THAT PLAINTIFF WAS ATTACKING HIS ROOMMATE, (MOFIFUS), AND LATER INMATE WHEELER, OBSERVED SGT. EDELEN, BASHING SOUTER'S HEAD AGAINST THE FLOOR, & HEARD THE SOUND OF IT STRIKING THE CONCRETE IN HIS CELL, (C-1202 U), (SEE EX. (A )).

IN PLAINTIFF'S CASE, MEDICAL REPORTS OF INMATE MOFIFUS, REVEALS SUPERFICIAL SCRATCHES ON THE RIGHT SIDE OF HIS NECK, WITH NO OTHER DISCRIPTION OF JUAN. (SEE EX. (A)#39 MEDICAL REPORT OF INMATE MOFIFUS IN APPENDIX OF AFFIDAVIT).

FURTHER, INMATE MOFIFUS, PROVIDED TWO (2), SWORN DIGITALLY RECORDED STATEMENTS, (SEE EX. (B) NOT ATTACHED BUT AVAILABLE IF DISCLOSED UPON DISCOVERY).

PLAINTIFF, ASSERTS THAT ON NOVEMBER 16TH, 2009, PLAINTIFF'S, MOTHER, MRS. MADELINE J. SOUTER, PROVIDED A WRITTEN DECLARATION, DETAILING HER ATTEMPTS BY TELEPHONE TO PROTECT HER SON, (PLAINTIFF, SOUTER), FROM REPRISAL, THREATS, AND MULTIPLE DEPRIVATIONS AT SANTA ROSA CORR. INST., IN WHICH PLAINTIFF'S, MOTHER MADE REPORTS AGAINST SGT. LENZO, AND

EDELEN, AND INDICATIONS OF OTHER OFFICERS INVOLVEMENT FOR WHICH MR. DAVIS. HAD TO COUNCIL WITH ASST. WARDEN HAAS. THE WARDENS APPROVED SEVERAL MOVES, FOR PLAINTIFF TO BE ASSIGNED TO DIFFERENT DORMS. (SEE EX. (1) IN APPENDIX OF SWORN AFFIDAVIT).

II.  PLAINTIFF, HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES AS TO THE SUPERVISOR LIABILITY CLAIM; THE DELIBERATE INDIFFERENCE TO HARM CLAIM; AND THE DELIBERATE INDIFFERENCE TO MEDICAL CARE CLAIMS.

PLAINTIFF, ASSERTS THAT HIS PRIOR GRIEVANCES AND LETTER FORWARDED FROM PLAINTIFFS MOTHER ARE MARKED AS EXHIBITS (B), (D), (E), (F), (G), (H), (1), (G), (AA-1), (AA-2), (AA-3), (AA-10), (AA-11), (AA-12), (AA-20), (AA-21), (AA-22), (AA-30), (AA-31), (AA-32), (AA-40), (AA-41), (AA-42), (AA-50), (AA-51), (AA-52), (AA-60), (AA-61), (AA-62), (AA-70), (AA-71), (AA-72), (AA-80), (AA-81), (AA-82), (AA-90), (AA-91), (AA-92), (AA-93), (AA-94), (AA-95), (AA-96), (AA-97), (AA-98), (AA-99), (AA-100), (AA-101), (AA-102), (AA-103), (AA-104), WHICH ALL SHOW THAT PLAINTIFF EXHAUSTED HIS ADMINISTRATIVE REMEDIES CONTRARY TO THE DEFENDANTS ALLEGATIONS THAT PLAINTIFF ONLY SUBMITTED GRIEVANCES CONCERNING THE OCTOBER 22, 2008, INCIDENT. (NOTE: ALL OF THE ABOVE EXHIBITS ARE IN THE APPENDIX OF THE SWORN AFFIDAVIT ATTACHED TO THIS RESPONSE.

IT IS ALSO CLEAR THAT THE DEFENDANTS ACKNOWLEDGED PLAINTIFFS EXCESSIVE FORCE GRIEVANCE SUBMITTED UNDER LOG # 0902-205-327; AND ANOTHER GRIEVANCE UNDER GRIEVANCE LOG # 09-6-08331, AND # 09-6-08896). (SEE DEF. MOTION, AT Pg. 7-8).

HOWEVER, PLAINTIFF ASSERTS, THAT THE DEFENDANTS SIMPLY DECIDED TO SELECTIVELY PROVIDE THIS COURT WITH ONLY TWO, (2) GRIEVANCES REFERENCES, DESPITE THE FACT THAT THE DEFENDANTS KNOW THAT A NUMBER OF GRIEVANCES WERE PROPERLY FILED. IN **JONES V. BLOCK**, 549 U.S. 199, 127 S.ct. 910 (2007), THE SUPREME COURT HELD THAT WHETHER THE INMATE FAILED TO EXHAUST IS AN AFFIRMATIVE DEFENSE THAT MUST BE RAISED BY PRISON STAFF, OR IT IS WAIVED. THE COURT REVERSED THE SIXTH CIRCUITS REQUIREMENT THAT AN INMATE HAD TO SPECIFICLY PROVIDE THE NAME OF THE PRISON STAFF IN THE GRIEVANCE OR THE GRIEVANCE WAS DISMISSED. THE COURT STRUCK THE "TOTAL EXHAUSTION" REQUIREMENT THAT IF A DEFENDANT OR CLAIM IS INCLUDED IN THE LAWSUIT THAT WAS NOT INCLUDED IN THE GRIEVANCE THAT THE LAWSUIT HAD TO BE DISMISSED. PURSUANT TO JONES, IF A COMPLAINT CONTAINS AN UNEXHAUSTED CLAIM, OR DEFENDANT, THE UNEXHAUSTED PART SHOULD BE DISMISSED WITHOUT PREJUDICE AND THE REST OF THE LAWSUIT SHOULD PROCEED. Id AT 919-22, ("WE CONCLUDE THAT FAILURE TO EXHAUST IS AN AFFIRMATIVE DEFENSE UNDER THE PLRA, AND THAT INMATES ARE NOT REQUIRED TO SPECIFICLY PLEAD OR DEMONSTRATE EXHAUSTION IN THEIR COMPLAINTS." Id AT 921).

SEE **FOULK V. CHARRIER**, 262 F.3d 687, 698 (8th CIR. 2001). (HOLDING THAT INMATE EXHAUSTED HIS AVAILABLE ADMINISTRATIVE REMEDIES, WHERE HIS TESTIMONY ESTABLISHED THAT, PRISON OFFICIALS FAILED TO RESPOND TO HIS INFORMAL RESOLUTION REQUEST, THEREBY PREVENTING HIM FROM FILING A GRIEVANCE APPEAL).

PRISONER, WHO ARE TYPICALLY UNCOUNSELLED, NEED NOT PRESENT LEGAL THEORIES IN HIS ADMINISTRATIVE GRIEVANCES IN ORDER TO PROPERLY EXHAUST HIS CLAIM, FOR PURPOSES OF THE PRISON LITIGATION REFORM ACT (PLRA) CIVIL RIGHTS OF INSTITUTION PERSONS ACT, $\S$ 7(a), 42 U.S.C. $\S$ 1997e(a); SEE, e.g. <u>BURTON</u> 321 F.3d AT 575, ("[W]E WOULD NOT REQUIRE A PRISONER GRIEVANCE TO ALLEGE A SPECIFIC LEGAL THEORY OR FACTS THAT CORRESPOND TO ALL THE REQUIRED ELEMENTS OF A PARTICULAR LEGAL THEORY") ■

IN THE CONTEXT OF THE PLRA's EXHAUSTION REQUIREMENTS, MANDATES THAT "NO ACTION SHALL BE BROUGHT" BY A PRISONER UNDER ANY FEDERAL LAW UNTIL THE PRISONER HAS EXHAUSTED ALL "ADMINISTRATIVE REMEDIES AS ARE AVAILABLE." HERE THE ACTIVE RECORDS ARE NOT SILENT ON THE FACT THE ORIGINAL COMPLAINT WAS SUPPORTED BY EXHAUSTIVE EXHIBITS & PLAINTIFF, PROVIDES A SWORN AFFIDAVIT WITH EVIDENCE IN SUPPORT.

PLAINTIFF, ASSERTS THAT THE DEFENDANTS, ACTUALLY ADMITS TO THIS HONORABLE COURT THAT PLAINTIFF FILED A NUMBER OF GRIEVANCES, ALLEGEDLY CONCERNING THE OCTOBER 22,2008, INCIDENT; HOWEVER, IN DIRECTLY QUOTING FROM THE DEFENDANTS OWN MOTION: ONLY TWO OF THE GRIEVANCE WERE RESPONDED TO BY THE BUREAU OF INMATE GRIEVANCE APPEALS AT CENTRAL OFFICE, (SEE DEFENDANTS DOC.* 81, AT Pg.7) CONTRARY TO DEFENDANT'S ALLEGATIONS, PLAINTIFF, STATES THE FOLLOWING CLAIMS FOR RELIEF AGAINST DEFENDANTS : 1) PLAINTIFF WAS SUBJECTED TO CHEMICAL AGENTS, EXTRACTED FROM CELL AND SUFFERED SIGNIFICANT INJURIES AS A RESULT OF EXCESSIVE FORCE, SERIOUS MEDICAL NEEDS, DELIBERATE INDIFFERENCE & SUPERVISOR LIABILITY. DEFENDANTS ELLIS, HAAS, HENDER, LEDKINS AND BARNES, ARE ALL LIABLE FOR ACTS COMMITTED BY SUBORDINATED OFFICIALS, (SEE AMENDED COMPLAINT, AT Pg.7 AND 1 OF 3 CONTINUATION.)

2. DEFENDANT, C.O. A. PARROTT, EXCESSIVE FORCE OCCURRED WHEN C.O.PARROTT, DECEITFULLY SPRAYED PLAINTIFF WITH CHEMICAL AGENTS AND PROLONGED EXPOSURE FOR OVER TEN (10) HOURS WITHOUT DECONTAMINATION OF CHEMICALS THAT CAUSED VOMITTING, VISUAL DEPLETION AND DIFFICULTY BREATHING.(SEE AMENDED COMPLAINT, AT Pg. 1 OF 3, THROUGH 2 OF 3 ,CONTINUANCE OF ADDITIONAL DEF.)

3. DEFENDANT EDELEN, COMMITTED EXCESSIVE FORCE AFTER PLAINTIFF, WAS SUBDUED BY CHEMICAL AGENTS AND SECURED IN RESTRAINTS CAUSING SEVER INJURIES THAT REQUIRED 14 STITCHES.

4. DEFENDANTS. J.HAMMONTREE, LT. A.WILLIAMS, J.JOHNSON, J.KOLODZIEJ, S.THOMAS, W. JOHNSON, J.SMITH, K.HALL, J. FRIZZELL, AND W.WEEKLEY.WERE ALL DELIBERATELY INDIFFERENT TO EXCESSIVE FORCE COMMITTED WHILE DEFENDANTS STOOD SILENT AND FAILED TO PROTECT PLAINTIFF, (SEE AMENDED COMPLAINT, AT PAGES 2 OF 3, CONTINUANCE OF ADDITIONAL DEF.)

5. DEFENDANTS, J.HAMMONTREE, A. WILLIAMS, J.JOANSON, J.KOLODZIEJ, C.EDELEN, S.THOMAS, W.JOHNSON, K.HALL, J.FRIZZELL, W. WEEKLEY, ALL COMMITTED DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS. (SEE AMENDED COMPLAINT, AT Pg.2 OF 3, ADDITIONAL DEF.)

6. DEFENDANTS, DOREEN VON OVEN, M°CAIG, D.LEDKINS, J.KOLODZIEJ, D.WELLS, AND M.BARNES, ACTED WITH DELIBERATE INDIFFERENCE TO PLAINTIFF SERIOUS MEDICAL NEEDS BY REFUSING TO ALLOW PLAINTIFF TO SHOWER, FOLLOWING CHEMICAL AGENT

APPLICATION, (SEE AMENDED COMPLAINT, AT Pg. 2 OF 3 THROUGH 3 OF 3 CONTINUANCE OF ADDITIONAL DEF.)

7. DEFENDANTS, J. HAMMONTREE, A. WILLIAMS, J. JOHNSON, J. MOLODZIEJ, W. JOHNSON, J. SMITH, D. WELLS, K. BARNES, J. FRIZZELL, AND W.M. WEEKLEY, ACTED WITH DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS BY KNOWINGLY CAUSING PLAINTIFF TO SUFFER A 7 HOUR RIDE DURING TRANSFER FROM SANTA ROSA CORR. INST., WITHOUT AFFORDING PLAINTIFF, TO SHOWER, IN WHICH PROLONGED THE CHEMICAL AGENT EXPOSURE, RESULTING IN VOMITTING, VISUAL IRRITATION, BREATHING PROBLEMS AND SKIN IRRITATION, (SEE AMENDED COMPLAINT, AT Pg. 3 OF 3).

PRISON OFFICIALS VIOLATE THE EIGHTH AMENDMENT WHEN THEY USE FORCE "WITHOUT PENOLOGICAL JUSTIFICATION," **RHODES V. CHAPMAN**, 452 U.S. 337, 346 (1981), OR "SUMMARILY AND MALICIOUSLY, [I TO] INFLICT HARM IN RETALIATION FOR PAST CONDUCT." **ORT V. WHITE**, 813 F. 2d 318, 325 (11TH CIR. 1987). IT IS WELL-ESTABLISHED IN THE ELEVENTH CIRCUIT THAT THE USE OF FORCE IS NOT JUSTIFIED AGAINST A NONRESISTING PRISONER WHO DOES NOT POSE A THREAT TO SECURITY. SEE, e.g., **SKRTICH**, 280 F. 3d. AT 1305-04. (HOLDING THAT BEATING AN INMATE WHO HAD BEEN INCAPACITATED BY A STUN SHIELD CLEARLY CONSTITUTED EXCESSIVE USE OF FORCE EVEN IF THE INITIAL DECISION TO STUN HIM WAS JUSTIFIED BY HIS REFUSAL TO COME OUT OF HIS CELL); **HOPE V. PELZER**, 240 F. 3d 975, 980 (11TH CIR. 2001), **AFF'D** IN RELEVANT PART, 536 U.S. 730 (2002) (HOLDING USE OF HITCHING POST UNCONSTITUTIONAL ONCE INMATE HAD CEASED PRESENTING ANY TYPE OF THREAT. **DAVID V. LOCH**, 936 F. 2d 1208, 1212 (11TH CIR. 1991) (HOLDING, WITH RESPECT TO AN INMATE WHO WAS CAPTURED BY OFFICERS AFTER TRYING TO ESCAPE, THAT DROPPING HIM ON HIS HEAD WHILE HE WAS IN HANDCUFFS CONSTITUTED EXCESSIVE FORCE BECAUSE THE PRISONER NO LONGER POSED A THREAT TO THE OFFICERS).

SEVERAL CIRCUITS HOLD THAT "IT IS A VIOLATION OF THE 8TH AMENDMENT FOR PRISON OFFICIALS TO USE MACE OR OTHER CHEMICAL AGENTS. . . FOR THE SOLE PURPOSE OF PUNISHMENT OR THE INFLICTION OF PAIN." **SOTO V. DICKEY**, 744 F. 2d 1260, 1270 (7TH CIR. 1984); SEE ALSO **LAWRENCE V. BONERSOX**, 297 F. 3d 727, 730-32 (8TH CIR. 2002) (HOLDING THAT THE USE OF CHEMICAL AGENTS AGAINST TWO INMATES WHO HAVE COMPLIED WHILE LOCKED IN A CELL, CONSTITUTED EXCESSIVE USE OF FORCE BECAUSE THE INMATES WERE CONFINED TO THEIR CELL AND DID NOT DISOBEY ANY ORDERS, THEY WERE DOUSED WITH A HUGE CAN OF PEPPER SPRAY, AND THEY BOTH COMPLAINED OF SKIN AND EYE PROBLEMS, FOLLOWING THE INCIDENT.) THE 8TH AMENDMENT NOT ONLY PROHIBITS THE UNJUSTIFIED USE OF FORCE, BUT ALSO THE EXCESSIVE USE OF FORCE. IN THE ELEVENTH CIRCUIT, "[P]RISON OFFICIALS STEP OVER THE LINE OF CONSTITUTIONALLY PERMISSIBLE CONDUCT IF THEY USE MORE FORCE THAN IS REASONABLY NECESSARY IN AN EXISTING SITUATION." **ORT**, 813 F. 2d AT 325. EVEN WHEN THE USE OF FORCE MAY BE JUSTIFIED, CHEMICAL AGENTS MAY NOT LAWFULLY BE USED IN EXCESSIVE QUANTITIES. SEE **SOTO V. DICKEY**, 744 F. 2d AT 1260 (HOLDING THAT IT VIOLATES THE 8TH AMENDMENT TO USE CHEMICAL AGENTS IN QUANTITIES GREATER THAN NECESSARY). DEFENDANTS IN PLAINTIFFS CASE, ARGUE IN THE MOTION CONSTRUED AS SUMMARY

JUDGEMENT THAT PLAINTIFF, FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AS TO SUPERVISORY LIABILITY, DELIBERATE INDIFFERENCE TO HARM CLAIM, AND DELIBERATE INDIFFERENCE TO MEDICAL CARE CLAIMS.

ΙΙ. PLAINTIFF MAY SUE DEFENDANTS IN THEIR OFFICIAL CAPACITY FOR MONEY DAMAGES

PLAINTIFF, CONTENDS THAT A JUDGE OR JURY MAY AWARD COMPENSATORY, PUNITIVE, OR NOMINAL DAMAGES UNDER § 1983, IF IT CONCLUDES THAT A DEFENDANT'S CONDUCT WAS MOTIVATED BY AN EVIL INTENT OR INVOLVED RECKLESS OR CALLOUS INDIFFERENCE TO PLAINTIFF'S CONSTITUTIONAL RIGHTS.

HOWEVER, THE DEFENDANTS ARE NOW ATTEMPTING TO INVOKE THE ELEVENTH AMENDMENT IMMUNITY DEFENSE AFTER THE DEFENDANTS, KNOWINGLY SUBJECTED PLAINTIFF TO DELIBERATE INDIFFERENCE, DEPRIVATION OF A SERIOUS MEDICAL NEED, AND THE BRUTAL EXCESSIVE FORCE COMMITTED BY OFFICER EDELEN, AFTER PLAINTIFF WAS ALREADY SUBDUED BY THE APPLICATION OF CHEMICAL AGENTS, IN WHICH PLAINTIFF WAS RESTRAINED. PLAINTIFF, RECEIVED SEVERAL LACERATIONS TO HIS FACE AND A LARGE KNOT ON HIS FOREHEAD THE SIZE OF A GOLF BALL & DAMAGED LEFT HAND. BUT DEFENDANT'S ARE NOW ASKING THIS HONORABLE COURT TO DISREGARD PLAINTIFF'S MONETARY DAMAGES CLAIMS AND SUIT AGAINST DEFENDANTS, IN THEIR OFFICIAL CAPACITY.

AS A GENERAL RULE, § 1983, ALLOWS PLAINTIFF'S TO RECOVER FOR ALL INJURIES RECOGNIZED IN THE COMMON LAW OF TORTS : e.g., PHYSICAL INJURY, MENTAL ANGUISH AND EMOTIONAL DISTRESS, HARM TO REPUTATION, ECONOMIC LOSS, FEAR, ANXIETY, HUMILIATION. SEE CAREY V. PIPHUS, 435 U.S. 247 (1978, ; SMITH V. WADE, 461 U.S. 30, 46-52, 103 S.ct. 1625 (1983) (HOLDING AWARD OF PUNITIVE DAMAGES TO PRISONER WHO HAD BEEN BEATEN, HARRASSED, AND SEXUALLY ASSAULTED BY INMATES. COOPER V. CASEY, 97 F.3d 914, 919 (7TH CIR. 1996) ("IF THE PLAINTIFF'S TESTIMONY WAS BELIEVED THE DEFENDANT'S MADE A WANTON AND COWARDLY ATTACK AND THEN DELIBERATELY REFUSED MEDICAL ASSISTANCE FOR THE PAIN CAUSED BY THE ATTACK. WE CANNOT THINK OF A BETTER CASE FOR AN AWARD OF PUNITIVE DAMAGES.")

UNDER COLOR OF STATE LAW ALL OF THE DEFENDANT'S CAN BE SUED IN THEIR OFFICIAL CAPACITY. THE ADMISSIBLE EVIDENCE IN PLAINTIFF'S CASE CANNOT AND SHOULD NOT BE DISREGARDED WHERE IT CAN BE CLEARLY SHOWN IN PLAINTIFF'S SWORN AFFIDAVIT, WITH APPENDIX OF EXHIBIT(S), (A) AND (2) EVIDENCE OBTAINED DURING FELONY CRIMINAL CHARGES DISCOVERY RECORDS DISCLOSURE THAT NUMEROUS AMOUNTS OF EVIDENCE WAS PROVIDED TO THE PLAINTIFF, AFTER THE PLAINTIFF CIVIL COMPLAINT WAS FILED. IN OTHER WORDS, DEFENDANTS CRIMINAL CASE AGAINST PLAINTIFF, WAS PENDING IN FELONY COURT UNDER CLERK NO. :5709CF002598A, BASED ON THE OCTOBER 22, 2007, INCIDENT THAT PLAINTIFF FILED HIS CIVIL COMPLAINT ABOUT UNDER CASE NO. : 3:10cv65/MCR/EMT.

CASE 3:10cv65,MCR-EMT     FILED 4-18-20R     DOC.#83     PAGE 10 OF 13

THE CRIMINAL CASE CHARGED PLAINTIFF WITH ONE, (1), COUNT OF AGGRAVATED BATTERY UPON LAW ENFORCEMENT OFFICER; AND ONE, (1), COUNT OF RESISTING OFFICER WITH VIOLENCE AGAINST OFFICER A. PARRIOTT, ON OR ABOUT OCTOBER 22, 2008.

HOWEVER, THE STATE LATER NOLLE PROSEQUI ALL CHARGES AGAINST THE PLAINTIFF AND VOLUNTARILY DROPPED THE CHARGES. PLAINTIFF, MUST DIRECT THE COURT TO THE LISTED EVIDENCE CATALOGED IN THE APPENDIX OF THE SWORN AFFIDAVIT AS FOLLOWS:

EX. (A)

1. AFFIDAVIT OF OFFICER PARRIOTT

2. UOF REPORT #2008-119-0422

3. INCIDENT REPORTS OF OFFICER PARRIOTT

4. MEDICAL REPORTS OF OFFICER PARRIOTT

5. AFFIDAVIT OF SGT. THOMAS

6. INCIDENT REPORT OF SGT. THOMAS

7. AFFIDAVIT OF OFFICER WEEKLEY

8. INCIDENT REPORT OF OFFICER WEEKLEY

9. AFFIDAVIT OF OFFICER FRIZZELL

10. INCIDENT REPORT OF OFFICER FRIZZELL

11. AFFIDAVIT OF OFFICER HALL

12. INCIDENT REPORT OF OFFICER HALL

13. AFFIDAVIT OF LIEUTENANT WILLIAMS

14. AFFIDAVIT OF WARDE ELLIS

15. AFFIDAVIT OF CAPTAIN HAMMONTREE

16. INCIDENT REPORT OF CAPTAIN HAMMONTREE

17. AFFIDAVIT OF COLONEL BARNES

18. INCIDENT REPORT OF COLONEL BARNES

19. AFFIDAVIT OF CAPTAIN JOHNSON

20. INCIDENT REPORT OF CAPTAIN JOHNSON

21.  AFFIDAVIT OF LIEUTENANT KOLODZIEJ

22.  INCIDENT REPORT OF LIEUTENANT KOLODZIEJ

23.  AFFIDAVIT OF SERGEANT SMITH

24.  INCIDENT REPORT OF SERGEANT SMITH

25.  AFFIDAVIT OF SERGEANT EDELEN

(26.) INCIDENT REPORT OF SERGEANT EDELEN

(27.) MEDICAL REPORTS OF SERGEANT EDELEN

28.  AFFIDAVIT OF SERGEANT JOHNSON

29.  INCIDENT REPORT OF SERGEANT JOHNSON

30.  MEDICAL REPORTS OF SERGEANT JOHNSON

31.  AFFIDAVIT OF OFFICER WELLS

32.  INCIDENT REPORT OF OFFICER WELLS

33.  AFFIDAVIT OF OFFICER BARNES

34.  INCIDENT REPORT OF OFFICER BARNES

35.  AFFIDAVIT OF SUPN MCCRIE

36.  INCIDENT REPORT OF SUPN MCCRIE

37.  AFFIDAVIT OF SUPN VON OVEN

38.  INCIDENT REPORT OF SUPN VON OVEN

39.  MEDICAL REPORT OF INMATE MORRIS

40.  DISCIPLINARY REPORT OF INMATE SOUTER

41.  TELEPHONE RECORDS OF INMATE SOUTER

42.  WITNESS STATEMENT OF INMATE SOUTER

43.  MEDICAL REPORTS OF INMATE SOUTER

44.  E-MAIL FROM INSPECTOR WHITEHEAD INDICATING INMATE SOUTER REFUSED TO PROVIDE A STATEMENT.

45.  DIGITAL PICTURES OF INMATE SOUTER'S INJURIES

46.  DIGITAL PICTURES OF CELL

47.  DIGITAL PICTURES OF OFFICER PARROTT'S INJURY

<u>EX. (B)</u> - NOT ATTACHED BUT INCLUSIVE OF INVESTIGATION REPORT :

        1. SWORN DIGITALLY RECORDED STATEMENT OF INMATE MORRIS DATED 10-22-08.

        2. SWORN DIGITALLY RECORDED STATEMENT OF INMATE MORRIS DATED 1-23-09.

        3. SECURUS TELEPHONE MONITORING SYSTEM CALL MADE BY INMATE SOUTER.

        4. SWORN DIGITALLY RECORDED STATEMENT OF INMATE WARREN.

        5. PELCO DIGITAL RECORDING INCLUDING ESCORT OF NURSE AND CHAPLAIN.

        6. PELCO DIGITAL RECORDING OF USE OF FORCE # 2008-119-0422.

        7. HANDHELD DIGITAL RECORDING CAMERA ONE.

        8. HANDHELD DIGITAL RECORDING CAMERA TWO.

        9. HANDHELD DIGITAL RECORDING CAMERA THREE.


      PLAINTIFF, ASSERTS THAT RULE 56 (e), FED. R. CIV. PROC., PROVIDES THAT IN FEDERAL COURT PROCEEDINGS WRITTEN DECLARATIONS MADE UNDER PENALTY OF PERJURY ARE ACCEPTABLE IN LIEU OF NOTARIZED AFFIDAVITS. 28 U.S.C. § 1746. PLAINTIFF, IS NOW PROVIDING A SUPPORTING AND OPPOSING AFFIDAVIT WITH APPENDIX EVIDENCE LISTED AS EXHIBITS. SEE **FIRST NATIONAL BANK CO. OF CLINTON JR. V. INS. CO. OF NORTH AMERICA**, 606 F.2d 760, 766 (7TH CIR. 1979) ; SEE RULE 56 (e). FED. R. CIV. PROC. (SWORN OR CERTIFIED COPIES OF ALL PAPERS OR PARTS THEREOF REFERRED TO IN AN AFFIDAVIT SHALL BE ATTACHED THERETO OR SERVED THEREWITH.")

      PLAINTIFF, CONTENDS THAT A GENUINE ISSUE OF MATERIAL FACT CAN ██ BE DISPUTED IN THIS CASE ; AND THIS HONORABLE COURT SHOULD FIND THE SAME.


## CONCLUSION

    FOR ALL OF THE ABOVE REASONS, DEFENDANTS MOTION FOR SUMMARY JUDGEMENT SHOULD BE DENIED

           RESPECTFULLY SUBMITTED

           /s/ John D. Souter

           JOHN D. SOUTER JR., 079286

           FLORIDA STATE PRISON

           7819 N.W. 228TH ST.

           RAIFORD, FL. 32026

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THIS RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT, HAS BEEN FURNISHED BY U.S. MAIL TO THE LOWER LISTED PARTIES ON THIS 18TH DAY OF APRIL, 2011.

### PARTIES TO PROCEEDINGS:

LANCE E. NEFF
ASST. ATT. GENERAL
FLORIDA BAR #26626
OFFICE OF THE ATTORNEY GENERAL
THE CAPITOL, PL-01
TALLAHASSEE, FL. 32399-1050

CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
SUITE 222
ONE NORTH PALAFOX ST.
PENSACOLA, FL. 32502

RESPECTFULLY SUBMITTED,

/S/ John D. Souter

JOHN D. SOUTER JR., 079286
FLORIDA STATE PRISON
7819 N W 228TH ST.
RAIFORD, FL. 32026

## PLAINTIFFS SWORN AFFIDAVIT

STATE OF FLORIDA )

COUNTY OF BRADFORD )                   CIVIL CASE No. : 3:10cv65/MCR/EMT

## PRELIMINARY STATEMENT

THIS AFFIDAVIT HAS BEEN COMPOSED TO SERVE THREE PURPOSES:

TO PUT FORTH, UNDER OATH, MY GUARANTEED AND PROTECTED INALIENABLE FEDERAL CONSTITUTIONAL RIGHTS AND STATE RIGHTS THAT PLAINTIFF SEEKS TO PRESERVE AND FULLY EXERCISE [WITHOUT HINDERANCE]

TO OPENLY INFORM ANY AND ALL GOVERNMENT AGENTS (SPECIFICALLY, THE FLORIDA DEPARTMENT OF CORRECTIONS OFFICIALS NAMED AS DEFENDANTS, OFFICERS AND ALL OTHER CONCERNED PERSONNEL) OF PLAINTIFFS GUARANTEED AND PROTECTED INALIENABLE FEDERAL CONSTITUTIONAL RIGHTS AND STATE RIGHTS SO THAT THEY MAY EACH RECOGNIZE THESE RIGHTS, AND

TO PUT FORTH FACTS AND EVIDENCE SUPPORTING PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS FOR SUMMARY JUDGEMENT IN THE ABOVE-STYLED CIVIL CASE.

## DECLARATION

I, JOHN D. SOUTER JR., (D.C.# 079286), A PRISONER AT FLORIDA STATE PRISON, DO HEREBY SWEAR AND AFFIRM THAT THE FOLLOWING STATEMENTS AND EXHIBITS IN SUPPORT ARE TRUE AND CORRECT AND ARE MADE OF MY OWN FREE WILL, FROM MY OWN PERSONAL KNOWLEDGE. I UNDERSTAND THAT ANY FALSE STATEMENT(S) OF A MATERIAL FACT CONTAINED HEREIN MAY SERVE AS THE BASIS OF PROSECUTION AND CONVICTION FOR PERJURY OR MAKING FALSE STATEMENTS. FURTHER, I CERTIFY THAT ALL QUESTIONS CONTAINED HEREIN HAVE BEEN ANSWERED AND ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

SIGNATURE OF AFFIANT

STATE OF FLORIDA
COUNTY OF BRADFORD

CASE 3:10cv65/MCR/EMT          FILED  4-18-2011          PAGE  2 OF 12

THE FOREGOING INSTRUMENT WAS ACKNOWLEDGED BEFORE ME THIS 18th DAY OF APRIL, 2011,

John Souder
WHO IS PERSONALLY KNOW TO ME OR WHO HAS PRODUCED  a a ID
AS IDENTIFICATION AND WHO DID TAKE AN OATH.

NOTARY PUBLIC

MY COMMISSION EXPIRES :

**JAY E. CULPEPPER**
**MY COMMISSION # EE 009026**
**EXPIRES: June 13, 2014**
Bonded Thru Budget Notary Services

STATEMENT OF FACTS

1.) ON 1-19-04, PLAINTIFF, SUBMITTED FORMAL GRIEVANCES TO THE SECRETARY, FLA. DEPARTMENT OF CORRECTION, (D.O.C.), ON THE SUBJECT MATTER DELINEATED IN A COMPLAINT AGAINST SANTA ROSA CORRECTIONAL INSTITUTION, (S.R.C.I.), OFFICER PERSONNEL BASED ON REPRISAL ACTIONS COMMITTED BY AND THROUGH, etc. (SEE GRIEVANCE LOG* 04-602612, MARKED AS EXHIBIT (B), CATALOGED IN THIS AFFIDAVIT.

2.) ON 10-21-07, A FORMAL GRIEVANCE WAS SUBMITTED. ON 11-1-07, A REPLY LOG* 07-6-23193, MARKED AS EXHIBIT (D), CATALOGED IN THIS AFFIDAVIT. THE RESULT OF GRIEVANCE, SOUTER WAS APPROVED TO BE MOVED FROM B-DORM, TO C-DORM, BY ORDER OF THE ADMINISTRATION TO ALLEVIATE THE HOSTILITY BETWEEN GRIEVANT AND STAFF.

3.) FORMAL GRIEVANCES LOG* 0805-119-279 AND * 0805-119-309, MARKED AS EXHIBITS, (E) & (F), CATALOGED IN THIS AFFIDAVIT, WERE SUBMITTED TO THE WARDENS AND COLONAL, ON 5-19-08 & 5-19-08. AN APPROVED ORDER BY ADMINISTRATION, MOVED SOUTER, FROM C-DORM, TO G-DORM.

4.) ON 9-9-08, A FORMAL GRIEVANCE WAS SUBMITTED, TO THE WARDENS AND COLONAL ON 9-25-08, A REPLY LOG* 0809-119-131, MARKED AS EXHIBIT (G), CATALOGED IN THIS AFFIDAVIT, WAS RETURNED, DENIED.

5.) ON 9-24-08, A FORMAL GRIEVANCE WAS SUBMITTED TO THE WARDENS AND COLONAL. ON 9-26-08, A REPLY LOG* 0809-119-323, MARKED AS EXHIBIT (H), CATALOGED IN THIS AFFIDAVIT, WAS RETURNED, DENIED, BUT GRIEVANT WAS MOVED DURNING THE LUNCH HOUR THERE AFTER FROM B-DORM, TO C-DORM, AFTER PLAINTIFFS MOTHER, (M.J. SOUTER), EXPRESSED HER CONCERNS OVER A PHONE CALL.

6.) ON 11-16-09, A DECLARATION, BY MADELINE J. SOUTER, WAS SIGNED AND MARKED HERE AS EXHIBIT (I), CATALOGED IN THIS AFFIDAVIT. INCLUDED AS FACTUAL EVIDENCE IN SUPPORT OF EXHIBIT (I), AN INMATE IMPOUNDED PERSONAL PROPERTY LIST, MARKED AS EXHIBIT (C), CATALOGED IN THIS AFFIDAVIT.

7.) ON 2-11-09, PLAINTIFF, SOUTER, SUBMITTED AN EXHAUSTED, TO DEFENDANT, (DEF.), ELLIS. ON 2-17-09, A REPLY LOG* 2160928, MARKED AS EXHIBIT(A-A-1), WAS DENIED. ON 2-25-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-27-09, A REPLY LOG* 09-6-0853I, MARKED AS EXHIBIT(A-A-2), WAS DENIED. ON 3-16-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-10-09, A REPLY LOG* 0902-205-351, MARKED AS EXHIBIT(A-A-3), WAS DENIED. EACH EXHIBIT CATALOGED IN THIS AFFIDAVIT.

8.) ON 2-11-09, SOUTER, SUBMITTED AN INFORMAL GRIEVANCE TO DEF., ELLIS. ON 2-17-09, A REPLY LOG*2160929, MARKED AS EXHIBIT(A-A-10), RETURNED DENIED. ON 2-25-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-10-09, A

REPLY LOG#0902-205-332, MARKED AS EXHIBIT(#A-11), WAS DENIED. ON 3-16-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-20-09, A REPLY LOG#09-6-08227, MARKED AS EXHIBIT(#A-12), WAS RETURNED WITHOUT ACTION. EACH EXHIBIT CATALOGED IN THIS AFFIDAVIT.

9.) ON 2-11-09, AN INFORMAL GRIEVANCE WAS SUBMITTED TO, ASST. WARDEN HENDERSON. ON 2-17-09, A REPLY LOG# 2160930, MARKED AS EXHIBIT(#A-20), WAS DENIED. ON 2-25-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-10-09, A REPLY LOG# 0902-205-333, MARKED AS EXHIBIT(#A-21), WAS DENIED. ON 3-16-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-20-09, A REPLY LOG#09-6-08228, MARKED AS EXHIBIT(#A-22), WAS RETURNED WITHOUT ACTION, EACH EXHIBIT CATALOGED IN THIS AFFIDAVIT.

10.) ON 2-11-09, AN INFORMAL GRIEVANCE WAS SUBMITTED TO ASST. WARDEN HAAS. ON 2-17-09, A REPLY LOG#2160931, MARKED AS EXHIBIT(#A-30), WAS DENIED. ON 2-25-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-10-09, A REPLY LOG# 0902-205-334, MARKED (#A-31), WAS DENIED ON 3-16-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-20-09, A REPLY LOG#09-6-08216, MARKED AS EXHIBIT (#A-32), WAS RETURNED WITHOUT ACTION, EACH EXHIBIT CATALOGED IN THIS AFFIDAVIT.

11.) ON 2-11-09, AN INFORMAL GRIEVANCE WAS SUBMITTED TO INSTITUTIONAL INSPECTOR D. LEDYKINS. ON 2-17-09, A REPLY LOG# 2160932, MARKED AS EXHIBIT(#A-40), WAS DENIED. ON 2-25-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-10-09, A REPLY LOG# 0902-205-326, MARKED AS EXHIBIT(#A-41), WAS DENIED. ON 3-16-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-20-09, A REPLY LOG# 09-6-08222, MARKED AS EXHIBIT(#A-42), WAS RETURNED WITHOUT ACTION, EACH EXHIBIT CATALOGED IN THIS AFFIDAVIT.

12.) ON 2-11-09, AN INFORMAL GRIEVANCE WAS SUBMITTED TO THE COLONEL, AMENDED TO COLONEL MONROE BARNES. ON 2-17-09, A REPLY LOG#2160901, MARKED AS EXHIBIT(#A-50), WAS DENIED. ON 2-25-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-10-09, A REPLY LOG# 0902-205-327, MARKED AS EXHIBIT(#A-51), WAS DENIED. ON 3-16-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-20-09, A REPLY LOG# 09-6-08096, MARKED AS EXHIBIT(#A-52), WAS DENIED, EACH EXHIBIT CATALOGED IN THIS AFFIDAVIT.

13.) ON 2-11-09, AN INFORMAL GRIEVANCE WAS SUBMITTED TO LT. A. WILLIAMS. ON 2-17-09, A REPLY LOG#2160921, MARKED AS EXHIBIT(#A-60), WAS DENIED. ON 3-25-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-10-09, A REPLY LOG#0902-205-329, MARKED AS EXHIBIT(#A-61), WAS DENIED. ON 3-16-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-20-09, A REPLY LOG#09-6-08217, MARKED AS EXHIBIT(#A-62), WAS RETURNED WITHOUT ACTION, EACH EXHIBIT CATALOGED IN THIS AFFIDAVIT.

14.) ON 2-11-09, AN INFORMAL GRIEVANCE WAS SUBMITTED TO LIEUTENANT JOHN DOE? , AMENDED TO CAPTAIN JACK HAMMONTREE. ON 2-17-09, A REPLY LOG# 2160922, MARKED AS EXHIBIT(#A-70), WAS DENIED. ON 2-25-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-10-09, A REPLY LOG#0902-205-335, MARKED AS EXHIBIT(#A-71), WAS DENIED. ON 3-16-09, A FORMAL GRIEVANCE WAS SUBMITTED. ON 3-20-09,

A REPLY LOG#09-6-08215,MARKED AS EXHIBIT (AA-72),WAS RETURNED WITHOUT ACTION,EACH EXHIBIT CATALOGED IN THIS AFFIDAVIT.

15.) ON 2-11-09,AN INFORMAL GRIEVANCE WAS SUBMITTED TO LIEUTENANT JOHN DOE,AMENDED TO,CAPTAIN JIMMY JOHNSON, ON 2-17-09, A REPLY LOG#2160923, MARKED AS EXHIBIT (AA-80),WAS DENIED.ON 2-25-09,A FORMAL GRIEVANCE WAS SUBMITTED.ON 3-10-09, A REPLY LOG#0902-205-337, MARKED AS EXHIBIT(AA-81),WAS DENIED.ON 3-16-09, A FORMAL GRIEVANCE WAS SUBMITTED.ON 3-20-09,A REPLY LOG#09-6-08214,MARKED AS EXHIBIT (AA-82),WAS RETURNED WITHOUT ACTION, EACH EXHIBIT CATALOGED IN THIS AFFIDAVIT.

16.) ON 2-16-09,AN INFORMAL GRIEVANCE WAS SUBMITTED TO SGT. ELLEM,AMENDED TO SGT. C.EDELEN.ON 2-17-09, A REPLY LOG#2160920,MARKED AS EXHIBIT(AA-90),WAS DENIED.ON 2-25-09,A FORMAL GRIEVANCE WAS SUBMITTED.ON 3-10-09, A REPLY LOG#0902-205-328, MARKED AS EXHIBIT(AA-91),WAS DENIED.ON 3-16-09,A FORMAL GRIEVANCE WAS SUBMITTED.ON 3-20-09, A REPLY LOG#09-6-08221,MARKED AS EXHIBIT(AA-92),WAS RETURNED WITHOUT ACTION,EACH EXHIBIT CATALOGED IN THIS AFFIDAVIT.

17.) ON 2-11-09,AN INFORMAL GRIEVANCE WAS SUBMITTED TO SGT. S.THOMAS.ON 2-17-09,A REPLY LOG#2160924,MARKED AS EXHIBIT(AA-93),WAS DENIED.ON 2-25-09,A FORMAL GRIEVANCE WAS SUBMITTED.ON 3-10-09, A REPLY LOG# 0902-205-338,MARKED AS EXHIBIT(AA-94),WAS DENIED.ON 3-16-09,A FORMAL GRIEVANCE WAS SUBMITTED.ON 3-20-09,A REPLY LOG#09-6-08218, MARKED AS EXHIBIT(AA-95),WAS RETURNED WITHOUT ACTION,EACH EXHIBIT CATALOGED IN THIS AFFIDAVIT.

18.) ON 2-11-09,AN INFORMAL GRIEVANCE WAS SUBMITTED TO M.HALL.ON 2-17-09,A REPLY LOG#2160927,MARKED AS EXHIBIT(AA-96),WAS DENIED.ON 2-25-09,A FORMAL GRIEVANCE WAS SUBMITTED.ON 3-10-09,A REPLY LOG# 0902-205-350,MARKED AS EXHIBIT(AA-97),WAS DENIED.ON 3-16-09,A FORMAL GRIEVANCE WAS SUBMITTED.ON 3-20-09, A REPLY LOG#09-6-08219,MARKED AS EXHIBIT(AA-98),WAS RETURNED WITHOUT ACTION,EACH EXHIBIT CATALOGED IN THIS AFFIDAVIT.

19.) ON 2-11-09,AN INFORMAL GRIEVANCE WAS SUBMITTED TO W. WEEKLEY. ON 2-17-09,A REPLY LOG#2160926, MARKED AS EXHIBIT(AA-99), WAS DENIED.ON 2-25-09,A FORMAL GRIEVANCE WAS SUBMITTED.ON 3-10-09, A REPLY LOG# 0902-205-340, MARKED AS EXHIBIT(AA-100),WAS DENIED.ON 3-16-09,A FORMAL GRIEVANCE WAS SUBMITTED.ON 3-20-09,A REPLY LOG# 09-6-08222, MARKED AS EXHIBIT(AA-101),WAS RETURNED WITHOUT ACTION,EACH EXHIBIT CATALOGED IN THIS AFFIDAVIT.

20.) ON 2-11-09,AN INFORMAL GRIEVANCE WAS SUBMITTED TO PARROT.ON 2-17-09,A REPLY LOG#2160925,MARKED AS EXHIBIT (AA-102),WAS DENIED.ON 2-25-09,A FORMAL GRIEVANCE WAS SUBMITTED.ON 3-10-09,A REPLY LOG#0902-205-339,MARKED AS EXHIBIT (AA-103),WAS DENIED.ON 3-20-09,A FORMAL GRIEVANCE WAS SUBMITTED.ON 3-16-09,A REPLY LOG#09-6-08220,MARKED AS EXHIBIT (AA-104),WAS DENIED,EACH EXHIBIT CATALOGED IN THIS AFFIDAVIT.

21.) PLAINTIFF, (SOUTER), DECLARATION STATES IN SUMMARY THAT ON THE MORNING OF 10-22-08, HIS INVOLVEMENT VERBAL ALTERCATIONS WITH SEVERAL OFFICERS ASSIGNED TO C-DORM, AT SANTA ROSA CORR. INST., DUE TO A PENDING INFRACTION. AT 9:04 A.M., C.O. PARROTT, APLIED SPONTANEOUS USE OF FORCE BY CHEMICAL AGENT. PARROTT ALLEGED HE WITNESSED SOUTER, STRIKING INMATE J.MORRIS, TO THE FACE AND HEAD AREA, IN CELL C-1222. SUBDUED BY THE IMMEDIATE EFFECTS OF THE UNJUSTIFIED USE OF CHEMICAL AGENT, WHERE BOTH SUFFERED DIFFICULTY BREATHING. SOUTER'S VISUAL SCOPE DEPLETED & VOMITTING AND MORRIS, HYPERVENTILATED. AN ATTEMPTED EXTRACTION WAS ORDERED BY WARDEN ELLIS. THIS BREACH OF POLICY SENT UNTRAINED OFFICERS ASSIGNED TO C-DORM, UNPROTECTED INTO CELL C-1222, AND THE ALLEGED STABBING OF PARROTT.

22.) SOUTER, EVENTUALLY COMPLIED TO ORDERS AFTER SPEAKING TO COLONAL BARNES, AND SUBMITTED TO RESTRAINT SECURED BEHIND HIS BACK AT 10:15 A.M., AND SGT. EDELEN ENTERED THE CELL, ASSISTED BY C.O. FRIZZELL, SGT. SMITH, SGT. JOHNSON, C.O. HALL & LT. MOLODZIEJ. UPON ENTERING EDELEN REACHED DOWN TO SOUTER'S WAIST TO TAKE THE LEFT HAND AND TWIST THOSE FINGERS ████ OF THAT HAND, WHILE SIMULTANEOUSLY STATING, QUIT RESISTING. SOUTER WAS PUSHED FORWARD FACE DOWN AND EDELEN TOOK SOUTER'S HEAD IN BOTH HANDS AND BASHED SOUTER'S HEAD TEN TO 15 TIMES BETWEEN EACH BASHING EDELEN TURNED SOUTER'S HEAD & CONTINUED SLAMMING HIS HEAD AGAINST THE HARD CONCRETE, RESULTING IN MULTIPLE LACERATIONS TO BOTH SIDES OF SOUTER'S FACE & A HEMATOMA TO THE FOREHEAD & RIGHT CHEEK. AT ONE POINT SOUTER LOST CONSCIOUSNESS IN THE PAIN.

23.) ASSISTING OFFICERS FRIZZELL, SGT. SMITH, SGT. JOHNSON, C.O. HALL, & LT. MOLODZIEJ, STOOD OVER THE BLOODIED SOUTER & MADE NO REASONABLE STEPS TO INTERVENE, IN THE MALICIOUSLY & SADISTICALLY APLIED FORCE THAT CAUSED GREAT BODILY HARM TO AN INCAPABLE HANDCUFFED SOUTER, AN ACTED WITH DELIBERATE INDIFFERENCE TO THE GRATUITOUS FORCE.

24.) CAPT. JOHNSON, CAPT. HAMMONTREE, LT. A.WILLIAMS, SGT. THOMAS STOOD AT THE CELL DOOR HEARING THE REPEATED THUD OF SOUTER'S HEAD SLAMMED AGAINST THE CONCRETE, WITNESSIN THE BLOOD, AN ACTED WITH DELIBERATE INDIFFERENCE TO THE DISPROPORTIONATE FORCE, WITH C.O. WEEKLEY OPERATING THE USE OF FORCE CAMERA, WITNESSING THE LIVE FOOTAGE.

25.) ESCORTED FROM CELL C-1222, SOUTER WAS LEAD PAST ASST. WARDEN HENDERSON HOLDING THE EXIT DOOR TO WING ONE AND TAKEN TO WING TWO AND MADE TO KNEEL BEFORE THE SHOWER STALL IN PREPARATION FOR THE POST USE OF FORCE SHOWER PRO-CEDURE. SGT. EDELEN, C.O. FRIZZELL, CAPT. HAMMONTREE, CAPT. JOHNSON, LT. WILLIAMS, SGT. THOMAS, C.O. HALL & WEEKLEY, LT. MOLODZIEJ, SGT. W. JOHNSON ACTED WITH DELIBERATE INDIFFERENCE TO THE SERIOUS MEDICAL NEEDS, WHERE SOUTER'S DISTRESSED VISUAL CONDITION,

Y. KNEELING AWASHED IN ANGUISH,BLOOD & CHEMICAL AGENT AND NEVER AFFORDED THE OPPORTUNITY TO SHOWER THE APLIED CHEMICAL & HE SUFFERED.

26.) ORDERED BY LT. KOLODZIEG, TO BE TAKEN TO THE MEDICAL TRIAGE ROOM, NURSE MCLANE & NURSE VON OVEN TREATED HIS BLOODY FACE. EXCHANGING NUMEROUS SWAES CONFERED WITH BLOOD & CHEMICAL AGENT, NURSE MCLANE MADE REFERENCES TO THE BURNING INFACTION & WAS WARNED BY LT. KOLODZIEG, NOT TO SPEAK TO ME. WAILE NURSE VON OVEN FILED THE DIAGRAM OF INJURY. MORE THAN 30 MINUTES HAD PAST SINCE THE CHEMICALS HAD BEEN APLIED. INSPECTOR LEDKINS ORDER SOUTERS CLOTHS REMOVED TO BE BAGGED AS EVIDENCE THE CLOTHS WERE CUT & RIPED FROM SOUTER WHILE IN FULL RESTRAINTS. BOTH COURT OFFICERS WELLS & K. BARNES LT. KOLODZIEG, INSPECTOR LEDKINS & BOTH NURSE MCLANE & VON OVEN, WITNESSED THE DISCOLORATION OF ORANGE SUBSTANCE OVER SOUTERS, SHOULDERS, BACK, ARM & NECK AND ACTED WITH DELIBERATE INDIFFERENCE TO THE PROLONG EXPOSURE TO CHEMICAL AGENT, WHERE SOUTER SUFFERED AFTER SNEEZING & INQUIRING ABOUT SHOWERING WAS MET WITH KOLODZIEG STATING AGAIN, DO NOT SPEAK TO HIM PERIOD. A TOURNIQUE WAS APLIED BY MCCAIG, INAPPROPRIATELY DRESS, WAS LEAD FROM C-DORM BAREFOOT.

27.) AT THE MTC BUILDING, DR. NICHOLS NUMBED TWO PLACES TO SOUTERS FACE & SUTURED THE FOUR SEPARATE LACERATIONS. THEN TAKEN TO A REAR PSYCH CELL, CAPT. HAMMONTREE, CAPT. JOHNSON, LT. KOLODZIEG, LT. WILLIAMS, SGT. SMITH, SGT. W. JOHNSON, C.O. FRIZZELL, BARNES, WELLS & WEEKLEY, STOOD AROUND SOUTER, OR NEAR THE ASSIGNED CAMERA OPERATOR, WEEKLEY & WITNESSED THE REMOVAL THE RESTRAINTS SOUTER WAS ALLOWED TO PROPERLY RUN HIS ARMS THROUGH THE SLEEVES OF THE SHIRT. EACH DEFENDANT WITNESSED THE DISCOLORATION, AWARE OF THE SPONTANEOUS OF FORCE BY CHEMICAL AGENT AN ACTED WITH DELIBERATE INDIFFERENCE TO SOUTERS SUFFERING, EVEN AFTER HE ASKED TO BE ALLOWED TO SHOWER IN THE STALL ONLY INTO THE PSYCH CELL. HUSTLED FROM THE REAR AREA THAT HELD A DECONTAMINATED MOUTHFUL IN ONE OF THE PSYCH CELLS.

28.) WARDEN ELLIS, HAAS, HENDERSON & COLONIAL BARNES, KNEW SOUTER HAD NOT BEEN AFFORDED THE OPPORTUNITY TO SHOWER & EXCADERBATED THIS DISTRESS CONDITION BY THEIR ORDER, PLACING HIM IN THE POORLY VENTILATED ENCLOSURE BUILT INTO THE REAR OF THE VAN. THIS ACTED AS AN INTERRELATED PART OF THE EXCESSIVE FORCE AND SERIOUS MEDICAL NEEDS, VIOLATED ESTABLISH RIGHTS, WHERE SOUTER SUFFERED, DURING A 7 HOUR RIDE. THESE DEF., WERE ALSO ON NOTICE OF THE WIDESPREAD ABUSE OF FORCE, THREATS, RETALIATION & THE ABUSE OF CHEMICAL AGENT USED AS A MEANS OF PUNISHMENT, FROM GRIEVANCES, FORCE REPORTS, COMPLAINTS & THEIR PERSONAL OBSERVATION. EACH HAD PRIOR KNOWLEDGE OF INCIDENTS NOT A MONTH PRIOR. THEIR LACK OF DISCIPLINING, OR PROVIDING ADDITIONAL TRAINING FOR THE REPEATED THREATS & UNLAWFUL CONDUCT BY SUBORDINATES.

CASE 3:10cv65/MCR/EMT          FILED   4-18-2011              PAGE   8 OF 12

29. ON 7-29-20 ,PLAINTIFF, WAS CHARGED BY INFORMATION IN SANTA ROSA CIRCUIT COURT WITH ONE COUNT OF AGGRAVATED BATTERY UPON LAW ENFORCEMENT OFFICER, AND RESISTING OFFICER WITH VIOLENCE, BASED ON THE OCT. 22, 2008 REPORTED INCIDENT IN SANTA ROSA COMM. INST. (SEE FELONY INFORMATION DATED AUGUST 24, 2010 MARKED AS NUMBERED EIGHTY (1) IN APPENDIX)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THIS SWORN AFFIDAVIT HAS BEEN FURNISHED TO THE LOWER LISTED PARTIES ON THIS 18TH DAY OF APRIL,  2011.

PARTIES TO PROCEEDINGS ;
LANCE E. NEFF
ASST. ATT. GENERAL
FLORIDA BAR #26626
OFFICE OF THE ATTORNEY GENERAL
THE CAPITOL, PL-01
TALLAHASSEE, FL 32399-1050

CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
SUITE 226
ONE NORTH PALAFOX ST.
PENSACOLA, FL 32502

RESPECTFULLY SUBMITTED

BY _____
JOHN D. SOUTER JR.
FLORIDA STATE PRISON
7819 N.W. 228TH ST
RAIFORD, FL 32026

PLAINTIFFS SUBSEQUENT EVIDENCE OBTAINED

DURING FELONY CRIMINAL CHARGE(S) DISCOVERY

MOTION FILED ON APRIL 22, 2010

1. ON APRIL 22, 2010, PUBLIC DEFENDER, MR. JAMES OWENS FILED A NOTICE OF DISCOVERY IN THE CIRCUIT COURT IN AND FOR SANTA ROSA COUNTY, STATE OF FLORIDA UNDER CLERK NO. : 5709 OF 00C599A

2. I, JOHN D. SOUTER JR., LATER RECEIVED THE FOLLOWING DISCOVERY DISCLOSURE FROM MR. JAMES OWENS AFTER I FILED MY CIVIL 42 U.S.C. § 1983 COMPLAINT :

5. ON FEBRUARY 23, 2009, THE FLORIDA DEPARTMENT OF CORRECTIONS OFFICE OF THE INSPECTOR GENERAL EMPLOYEE DIANNE LEDKINS SUBMITTED A FOURTEEN (14) PAGE REPORT OF INVESTIGATION WITH AN APPENDIX OF MULTIPLE EXHIBITS MARKED AS EXHIBITS (A) AND (B) AND IDENTIFIED AS FOLLOWS :

       EX. (A).   1. AFFIDAVIT OF OFFICER PARROTT

                 2. UOF REPORT # 2008-119-0422

                 3. INCIDENT REPORTS OF OFFICER PARROTT

                 4. MEDICAL REPORTS OF OFFICER PARROTT

                 5. AFFIDAVIT OF SGT. THOMAS

                 6. INCIDENT REPORT OF SGT. THOMAS

                 7. AFFIDAVIT OF OFFICER WEEKLEY

                 8. INCIDENT REPORT OF OFFICER WEEKLEY

                 9. AFFIDAVIT OF OFFICER FRIZZELL

               10. INCIDENT REPORT OF OFFICER FRIZZELL

               11. AFFIDAVIT OF OFFICER HALL

               12. INCIDENT REPORT OF OFFICER HALL

               13. AFFIDAVIT OF LIEUTENANT WILLIAMS

               14. AFFIDAVIT OF WARDEN ELLIS

               15. AFFIDAVIT OF CAPTAIN HAMMONTREE

               16. INCIDENT REPORT OF CAPTAIN HAMMONTREE

17. AFFIDAVIT OF COLONIAL BARNES
18. INCIDENT REPORT OF COLONIAL BARNES
19. AFFIDAVIT OF CAPTAIN JOHNSON
20. INCIDENT REPORT OF CAPTAIN JOHNSON
21. AFFIDAVIT OF LIEUTENANT HOLODZIEJ
22. INCIDENT REPORT OF LIEUTENANT HOLODZIEJ
23. AFFIDAVIT OF SERGEANT SMITH
24. INCIDENT REPORT OF SERGEANT SMITH
25. AFFIDAVIT OF SERGEANT EDELEN
26. INCIDENT REPORT OF SERGEANT EDELEN
27. MEDICAL REPORTS OF SERGEANT EDELEN
28. AFFIDAVIT OF SERGEANT JOHNSON
29. INCIDENT REPORT OF SERGEANT JOHNSON
30. MEDICAL REPORTS OF SERGEANT JOHNSON
31. AFFIDAVIT OF OFFICER WELLS
32. INCIDENT REPORT OF OFFICER WELLS
33. AFFIDAVIT OF OFFICER BARNES
34. INCIDENT REPORT OF OFFICER BARNES
35. AFFIDAVIT OF SLPN MCCAIG
36. INCIDENT REPORT OF SLPN MCCAIG
37. AFFIDAVIT OF SLPN VON OVEN
38. INCIDENT REPORT OF SLPN VON OVEN
39. MEDICAL REPORT OF INMATE MORRIS
40. DISCIPLINARY REPORTS OF INMATE SOUTER
41. TELEPHONE RECORDS OF INMATE SOUTER
42. WITNESS STATEMENT OF INMATE SOUTER
43. MEDICAL REPORTS OF INMATE SOUTER

44. E-MAIL FROM INSPECTOR WHITEHEAD INDICATING INMATE SOUTER REFUSED TO PROVIDE A STATEMENT.

45. DIGITAL PICTURES OF INMATE SOUTERS INJURIES

46. DIGITAL PICTURES OF CELL

47. DIGITAL PICTURES OF OFFICER PARROTT'S INJURY

EX. (B) - NOT ATTACHED BUT INCLUSIVE OF INVESTIGATION REPORT :

1. SWORN DIGITALLY RECORDED STATEMENT OF INMATE MORRIS DATED 10-22-08.

2. SWORN DIGITALLY RECORDED STATEMENT OF INMATE MORRIS DATED 01-23-09.

3. SECURUS TELEPHONE MONITORING SYSTEM CALL MADE BY INMATE SOUTER.

4. SWORN DIGITALLY RECORDED STATEMENT OF INMATE WARREN.

5. PELCO DIGITAL RECORDING INCLUDING ESCORT OF NURSE AND CHAPLAIN.

6. PELCO DIGITAL RECORDING OF USE OF FORCE #2008-119-0422

7. HANDHELD DIGITAL RECORDING CAMERA ONE.

8. HANDHELD DIGITAL RECORDING CAMERA TWO.

9. HANDHELD DIGITAL RECORDING CAMERA THREE.

PLEASE NOTE : IN THE INSPECTORS LIST OF EXHIBITS, THERE IS NO DISCLOSURE OF ANY DOCUMENTED RECOVERY OF A WEAPON IDENTIFIED AS A SHARP OBJECT, WEAPON ALLEGEDLY USED TO STAB OFFICER PARROTT ON OCT. 22, 2008.

4. ON APRIL 24, 2009, INSPECTOR LEDKINS FORWARDED A LETTER TO MR. JAMES PARLIT, ASSISTANT STATE ATTORNEY FOR THE FIRST JUDICIAL CIRCUIT FOR A REQUEST FOR REVIEW FOR POSSIBLE CRIMINAL PROSECUTION UNDER CASE N°. : 08-16341 ( EX. (A) )

5. ON APRIL 22, 2009, THE INSPECTOR GENERAL OFFICE FORWARDED A SUBJECT MATTER INVESTIGATOR RELEASE TO THE OFFICE OF INSPECTOR GENERAL F.D.O.C. TALLAHASSEE FIELD OFFICE INSTRUCTING A RESPONSE TO INSPECTOR DIANNE LEDKINS AND WITHHOLD OF INFO. PENDING POSSIBLE PROSECUTION UNDER CASE N°. : 08-16341 ( EX. (A) )

6. ON MAY 8TH, 2009, STATE ATTORNEY MICHELLE JANSEN FILED A TWO (2) COUNT FELONY INFORMATION CHARGING AS DEFENDANT JOHN SOUTER WITH AGGRAVATED BATTERY UPON LAW ENFORCEMENT OFFICER AND RESISTING OFFICER WITH VIOLENCE ( EX. (A) )

7. ON MAY 12, 2009, THE FIRST JUDICIAL CIRCUIT COURT FILED A CAPIAS TO ALL SHERIFFS OF THE STATE OF FLORIDA ( EX. (A) )

8. ON FEBRUARY 24, 2010, I FORWARDED MY ORIGINAL CIVIL RIGHTS COMPLAINT WITHOUT USING THE COURT-APPROVED CIVIL RIGHTS FORM ( EX - (A))

9. ON MARCH 29, 2010, I RECEIVED A DECLARATION UNDER PENALTY OF PERJURY FROM INMATE FRANK WHEELER BASED ON OCTOBER 22, 2008 EXCESSIVE FORCE ( EX - (A))

10. ON APRIL 16th 2010, I SIGNED THE APPLICATION FOR CRIMINAL INDIGENT STATUS IN AND FOR THE FIRST JUDICIAL CIRCUIT COURT ( EX - (A))

11. ON APRIL 12, 2010 FIRST APPEARENCE WAS CONDUCTED IN THE FIRST JUDICIAL CIRCUIT COURT ( EX - (A))

12. ON APRIL 19, 2010, THE FIRST JUDICIAL CIRCUIT COURT ISSUED A WARRANT ( EX - (A))

13. ON JUNE 7, 2010, ASSISTANT PUBLIC DEFENDER, FREDERICK A. CARMODY FORWARDED A LETTER TO ME ( EX -(A))

14. ON JUNE 19, 2010, THE FIRST JUDICIAL CIRCUIT OFFICE OF THE STATE ATTORNEY "NOLLE PROSEQUI" CRIMINAL CASE NO. : 5709CT000598A ( EX - (A))

15. ON JULY 22, 2010, ASSISTANT PUBLIC DEFENDER, FREDERICK A. CARMODY FORWARDED A LETTER TO ME INFORMING ME THAT THE STATE HAD VOLUNTARILY DROPPED THE CHARGES AGAINST ME AND ENCLOSED THE COPY OF THE NOLLE PROSEQUI (EX -(A))

RESPECTFULLY SUBMITTED,

/S/ John D. Sorter

JOHN D. SORTER JR., D19286