# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**JOHN D. SOUTER, JR.,**

    Plaintiff,

v.                           Case No.: 3:10cv65/MCR/EMT

**WARDEN ELLIS, et al.,**

    Defendants.
_____/

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM TO THEIR MOTION TO DISMISS SECOND AMENDED COMPLAINT

    Defendants **K. Hall**, **J. Hammontree**, **S. Thomas**, **J. Frizzell**, **K. Barnes**, **D. Ledkins**, **D. Von Oven**, **D. Wells**, **J. Hass**, **J. Johnson, W. Johnson**, **C. Edelen**, **M. Barnes**, **E. McCaig, W. Weekly**, **J. Smith**, **Ellis**, and **J. Holodziej**, through undersigned counsel and pursuant to the Court's May 12, 2011 Order, submit this Supplemental Memorandum to their previously filed Motion to Dismiss:

    1.    Providing an inmate a decontamination shower after a use of chemical agents is a requirement of the use of force rules governing the Florida Department of Corrections.

    2.    Chapter 33-602.210(5)(b) discusses the requirement to provide an inmate a decontamination shower after the use of chemical agents. The rule

1

separates the requirement to provide a decontamination shower from the requirement to take the inmate to medical. Id. ("The video recording will also include the actual application of chemical agents, the offer of a decontaminating shower and medical examination, and the inmate's return to a secure, decontaminated cell. Should the inmate refuse the shower for decontamination purposes or refuse the medical examination, both the staff providing the opportunity in each case and the inmate's responses will be recorded.").

3. Additionally, Rule 33-602.210(21)(o)5 states in part, "Once the inmate is compliant, he shall be showered as soon as possible but not later than 20 minutes after final application of chemical agents. The inmate shall be examined by medical staff immediately after showering." As the rules show, a decontamination shower is separate and apart from the requirement to provide an inmate medical attention. Also, the decontamination shower is provided by security staff, not medical personnel. Because Plaintiff's grievance (See Defendants' Motion to Dismiss, Exh. B, at grievance log number 09-6-08096), was specific about not receiving "adequate medical care" and made no mention of not receiving a shower, he failed to place the grievance reviewers on notice of his current claim of not receiving a shower. Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (stating that section 42 U.S.C. 1997e(a) requires that a prisoner

provide as much relevant information as he reasonably can in the administrative grievance process).

4. Defendant specifically stated, "Then forced to endure a 7 hour ride with no medical attention for the munition chemical." (See Defendants' Motion to Dismiss, Exh. B, at grievance log number 09-6-08096)  Medical attention is provided by medical staff.  A decontamination shower is provided by security staff.  Per the Florida Administrative Code, the issues are separate and distinct.  Thus, the only logical issues Plaintiff could have conceivably raised through his grievance were either 1) security staff did not take him to medical or 2) security staff took him to medical but medical staff failed to properly treat him.

5. Defendants further clarify that Plaintiff failed to follow the administrative rules requiring a separate grievance for each issue.  Even though Plaintiff was informed that his issues regarding the medical care received after the use of chemical agents should be addressed in a separate grievance, there is no indication that he ever properly followed up on this request and filed a grievance concerning solely the medical care issue.  (See Defendants' Motion to Dismiss, Exh. B)  Rule 33-103.014(1)(a) allows for the return of a grievance without action where more than one issue is included in the grievance.  Thus, the grievance was properly returned.  Because Plaintiff failed to properly grieve the medical care issue as a standalone issue in a grievance, he failed to properly exhaust all issues

he had concerning the medical care received after the use of chemical agents. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

6. In accordance with the aforementioned argument and case law, Plaintiff's claims regarding his ability to shower and the medical care received after the use of chemical agents should be dismissed because Plaintiff failed to properly exhaust his administrative remedies.

    Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

s/ Lance Eric Neff
Lance Eric Neff
Assistant Attorney General
Florida Bar Number 26626
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300 - Telephone
(850) 488-4872 - Facsimile
Email: Lance.Neff@myfloridalegal.com

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to: John D. Souter, Jr., DC# 079286, F.S.P., 7819 N.W. 228th Street, Raiford, Florida, 32026-1000 on this 17th day of May, 2011.

s/ Lance Eric Neff
LANCE ERIC NEFF
