CASE 3:10-cv-00065-MCR-EMT        DOCUMENT 93        FILED 5-26-2011              PAGE 1 OF 4

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION



JOHN D. SOUTER JR.,

PLAINTIFF,

V.

WARDEN ELLIS, et al.,

DEFENDANTS.

CASE NO. : 3:10cv65/MCR/EMT

3:10cv65/MCR/EMT

## PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM TO THEIR
## MOTION TO DISMISS SECOND AMENDED COMPLAINT

PLAINTIFF, SOUTER, PURSUANT TO THE DEFENDANTS' (DEFS'), MAY 18, 2011 MOTION TO DISMISS, SUBMIT THIS MEMORANDUM IN OPPOSITION TO DEFS SUPPLEMENTAL MEMORANDUM :

1. FLORIDA ADMINISTRATIVE CODE, ("F.A.C.") CHAPTER 33-602.210, USE OF FORCE RULE *514410 (C), ████████ ██████, STATES IN PART, "ALL SPONTANEOUS USE OF FORCE INCIDENTS **WILL BE** VIDEOTAPED FROM THE POINT THE VIDEO CAMERA OPERATOR ARRIVES AT THE SCENE. VIDEOTAPING *SHALL* CONTINUE *UNINTERRUPTED* UNTIL THE INCIDENT IS UNDER CONTROL, THE INVOLVED INMATE IS ESCORTED TO MEDICAL, AND THE INMATE IS SUBSEQUENTLY RETURNED TO SECURE HOUSING."

2. DEFS REPORTS AND VIDEOTAPING EVIDENCE SUPPORTS THE MANDATORY LANGUAGE OF THIS POLICY. THE 10:22:08, SPONTANEOUS USE OF FORCE BY CHEMICAL AGENTS, WAS A CONTINUAL INCIDENT THAT INCLUDES, POST USE OF FORCE REQUIREMENT CAN NOT BE SEEN AS SEPARATE, AS FILED BY PLAINTIFF IN (DOC. 34). [4] AN SEEN ON THE DOCUMENTED FOOTAGE OF THE USE OF FORCE HANDHELD CAMERAS.

---

[4] PLAINTIFF ADDITIONALLY CLAIMS THAT DEF. EDELEN USED EXCESSIVE FORCE; DEFS HAMMONTREE, WILLIAMS, J. JOHNSON, MOLOZIES, THOMAS, W. JOHNSON, SMITH, HALL, FRIZZELL, AND WEEKLEY WERE DELIBERATELY INDIFFERENT TO HIS SAFETY BY FAILING TO INTERVENE OR OTHERWISE PROTECT HIM FROM EDELEN'S ALLEGED USED OF EXCESSIVE FORCE; AND DEFS ELLIS, HANS, HENDERSON, M. BARNES, AND LEDMONS ARE LIABLE FOR THEIR SUBORDINATES' USE OF EXCESSIVE FORCE AND FAILURE TO PROTECT OR INTERVENE (DOC. 34 AT 18-21).

3. ████████████████████████████████████████████ : *51409 (b) 1. STATES IN PART, "THE VIDEO RECORDING WILL ALSO INCLUDE THE OFFER OF A DECONTAMINATION SHOWER AND MEDICAL EXAMINATION, AND THE INMATES RETURN TO A SECURE, DECONTAMINATION CELL." DEFS ATTEMPT TO SPLIT THE MOLECULE OF THIS INSEPARABLE ISSUE, BY SPECIFICALLY STATING, THE RULE SEPARATES THE REQUIREMENT TO PROVIDE A DECONTAMINATION SHOWER FROM THE REQUIREMENT TO TAKE THE INMATE TO MEDICAL. (Id.). IS JUST THAT AN ATTEMPT TO CONVINCE THE COURT THAT THE SHOWERING DOES NOT FALL UNDER THE UMBRELLA OF SERIOUS MEDICAL NEEDS.

4. RULE 33-602.210, USE OF FORCE *51419 (0), ███████████, STATES IN PART, "THE INMATE *SHALL* BE EXAMINED BY MEDICAL STAFF **IMMEDIATELY** AFTER **SHOWERING**." THIS EXAMINATION IS TO ENSURE THAT AFTER EXPOSURE OF CHEMICAL AGENTS, THE PRISONER IS AFFORDED THE OPPORTUNITY OF A DECONTAMINATION SHOWER. THIS AND THE COURT VIEWS AS ONE ISSUE, SINCE THE MEDICAL CARE PLAINTIFF CONTENDS HE SHOULD HAVE RECEIVED WAS A SHOWER.

5. ADDITIONALLY, RULE 33-602.210, USE OF FORCE *51420 (P), (Q), 1., a., b., 2., 3., 4., & 5., STATES IN PART, "THE IMPORTANCE OF SHOWERING AFTER EXPOSURE TO CHEMICAL AGENTS, AS WELL AS A REFUSAL SHALL RESULT IN A DISCIPLINARY REPORT AND BE DOCUMENTED", DEFS EXTENSIVE REPORTS DID NOT INCLUDE SAID INFRACTION.

6. DEFS CLAIM PLAINTIFF FAILED TO FOLLOW THE F.A.C. RULE, REQUIRING A SEPARATE GRIEVANCE FOR EACH ISSUE. INMATE GRIEVANCES-GENERAL POLICY, RULE 33-103.001, INCLUDES 33-103.006 (2)(5) & 33-103.007 (2)(5), STATES, "EACH GRIEVANCE *SHALL* ADDRESS ONLY ONE *ISSUE* OR *COMPLAINT*." THE NUMEROUS GRIEVANCES PLAINTIFF FILED INCLUDED THOSE LOG # 09-6-08096, ADDRESSED THE ENTIRE **COMPLAINT** OF THE 10-22-08 INCIDENT.

7. DEF CLAIM OF THE ONLY LOGICAL ISSUES PLAINTIFF COULD HAVE CONCEIVABLY RAISED THROUGH HIS GRIEVANCE WERE EITHER GROUNDS ( 1), 2) AT 4, DOC 91). BY PLAINTIFFS SWORN AFFIDAVIT & EXHIBITS, DEFS POSITION HAS NO MERIT FOR THE REASONS SET FORTH IN THE BRIEF FILED BY PLAINTIFF. THE ALLEGATIONS BY DEF HAVE BEEN FOUND UNSUSTAINABLE. IN THE CONTEXT OF THE PRISON LITIGATION REFORM ACT EXHAUSTION REQUIREMENT, THE PRIMARY PURPOSE OF A GRIEVANCE IS TO ALERT PRISON OFFICIALS TO A PROBLEM, NOT TO PROVIDE PERSONAL NOTICE TO A PARTICULAR OFFICIAL ████ THAT HE MAY BE SUED; THE GRIEVANCE IS NOT A SUMMONS & COMPLAINT THAT INITIATES ADVERSARIAL LITIGATION. CIVIL RIGHTS OF INST. PRISONS ACT, $\underline{I}$ 7(a), 42 U.S.C $\underline{I}$ 1997e (a)

8. DEF FURTHER CLARIFY THERE IS NO INDICATION THAT PLAINTIFF EVER PROPERLY FOLLOWED UP ON THE

REQUEST & FILED A GRIEVANCE CONCERNING SOLELY THE MEDICAL CARE ISSUE. PLAINTIFF ACTUALLY DID ATTEMPT TO ADDRESS THIS ISSUE & WAS MET WITH THE INSTITUTIONAL CUSTOMARY RESPONSE, WHETHER SEPARATE OR NOT, THE PROCEDURE USED BY ADMINISTRATION IS THE SAME, AS SEEN IN GRIEVANCE LOG # 9271039, # 9010-205-077, # 10-6-33765, AND LOG # 1009-205-742, # 10-6-33645, ATTACHED AS EXHIBIT B & C OF PLAINTIFF SWORN AFFIDAVIT. REGARDLESS OF THIS POINT, EACH ISSUE GRIEVED IN ACCORDANCE WITH GRIEVANCE LOG # 09-6-08096, THE EXCESSIVE FORCE ISSUE WAS LIKEWISE CUSTOMARILY DENIED OR DISMISSED ON EACH FILING LEVEL, BUT GRIEVED. EXHAUSTION OF ADMINISTRATIVE REMEDIES MAY BE EITHER MANDATED BY STATUTE OR IMPOSED AS A MATTER OF JUDICIAL DISCRETION.

9. IN THE HEADING OF DEIS EXHAUSTION ARGUMENT, THEY CONTEND PLAINTIFF FAILED TO EXHAUST THIS CLAIM (DOC. 91 AT 6). HOWEVER, AT THE CONCLUSION OF THEIR ARGUMENT, THEY ASSERT PLAINTIFF EXHAUSTED THE ISSUE OF DEIS FAILURE TO PROVIDE MEDICAL CARE FOR THE CHEMICAL AGENTS, BUT PLAINTIFF DID NOT EXHAUST THE ISSUE OF DEIS FAILURE TO ALLOW HIM TO TAKE A SHOWER (Id. AT 10-11). SEEN BY THE COURT AS ONE ISSUE, SINCE THE MEDICAL CARE PLAINTIFF CONTENDS HE SHOULD HAVE RECEIVED WAS A SHOWER.

### CONCLUSION

IN ACCORDANCE WITH THE AFOREMENTIONED ARGUMENT AND POLICY RULES, PLAINTIFF RELIES ON THE COURTS' EXTENSIVE KNOWLEDGE OF THE EXHAUSTION REQUIREMENTS, TO RULE ON DEF SUPPLEMENTAL MEMORANDUM, TO THEIR MOTION TO DISMISS IN PART SECOND AMENDED COMPLAINT SHOULD BE DISMISSED.

RESPECTFULLY SUBMITTED,

s/ John D. Souter Jr.

JOHN D. SOUTER JR., 019286
FLORIDA STATE PRISON
7819 N W 228TH ST
RAIFORD, FL 32026

## CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN FURNISHED BY U.S. MAIL TO: ASSISTANT ATTORNEY GENERAL LANCE E. NEFF, FL BAR # 26626 AT, OFFICE OF THE ATTORNEY GENERAL, THE CAPITOL, PL-01, TALLAHASSEE, FL 32399-1050, & CLERK, UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF FLORIDA, SUITE 226, ONE NORTH PALAFOX ST., PENSACOLA FL 32502, ON THIS 26 DAY OF MAY, 2011

By John D. Souter

JOHN D. SOUTER JR.

CASE 3:10-cv-00065-MCR-EMT          DOCUMENT 93-1          FILED  5-26-2011          PAGE 1 OF 5

PLAINTIFFS SWORN AFFIDAVIT

STATE OF FLORIDA )
COUNTY OF BRADFORD )                              CASE NO. 3:10cv65/MCR/EMT

### PRELIMINARY STATEMENT

THIS AFFIDAVIT HAS BEEN COMPOSED TO SERVE THREE PURPOSES:

TO PUT FORTH, UNDER OATH, MY GUARANTEED AND PROTECTED INALIENABLE FEDERAL CONSTITUTIONAL RIGHTS AND STATE RIGHTS THAT PLAINTIFF SEEKS TO PRESERVE AND FULLY EXERCISE [WITHOUT HINDERANCE]

TO OPENLY INFORM ANY AND ALL GOVERNMENT AGENTS, ESPECIFICALLY, THE FLORIDA DEPARTMENT OF CORRECTIONS OFFICIALS NAMED AS DEFENDANTS, OFFICERS AND ALL OTHER CONCERNED PERSONNEL ), OF PLAINTIFFS GUARANTEED AND PROTECTED INALIENABLE FEDERAL CONSTITUTIONAL RIGHTS AND STATE RIGHTS SO THAT THEY MAY EACH RECOGNIZE THESE RIGHTS ; AND

TO PUT FORTH FACTS AND EVIDENCE SUPPORTING PLAINTIFFS REVIEW OF VIDEO FOOTAGE OF USE OF FORCE INCIDENT THAT OCCURRED ON 10-22-08.

### DECLARATION

I, JOHN D. SOUTER JR., (D.C.#079286), A PRISONER AT FLORIDA STATE PRISON, DO HEREBY SWEAR AND AFFIRM THAT THE FOLLOWING STATEMENTS IN SUPPORT ARE TRUE AND CORRECT AND ARE MADE OF MY OWN FREE WILL, FROM MY OWN PERSONAL KNOWLEDGE.

I UNDERSTAND THAT ANY FALSE STATEMENT(S) OF A MATERIAL FACT CONTAINED HEREIN MAY SERVE AS THE BASIS OF PROSECUTION AND CONVICTION FOR PERJURY OR MAKING FALSE STATEMENTS. FURTHER, I **CERTIFY** THAT ALL REFERANCE CONTAINED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_____
SIGNATURE OF AFFIANT

STATE OF FLORIDA
COUNTY OF BRADFORD

THE FOREGOING INSTRUMENT WAS ACKNOWLEDGED BEFORE ME THIS 26   DAY OF

MAY 2011.

WHO IS PERSONALLY KNOWN TO ME OR WHO HAS PRODUCED   John De Sete Jr

AS IDENTIFICATION AND WHO DID TAKE AN OATH.

RANDALL R. CHISM
MY COMMISSION # EE 062583
EXPIRES: February 8, 2015
Bonded Thru Notary Public Services

NOTARY PUBLIC
MY COMMISSION EXPIRES:

CASE 3:10-cv-00065-MCR-EMT        DOCUMENT 93-1        FILED   5-26-2011        PAGE 3 OF 9

INDEX OF EXHIBITS

1)  ON 9-27-10, PLAINTIFF, SOUTER, SUBMITTED AN INFORMAL GRIEVANCE ON 10-4-10, A REPLY LOG# 927-1039, MARKED AS EXHIBIT (B), WAS RETURNED WITHOUT ACTION. ON 10-6-10, A FORMAL GRIEVANCE WAS SUBMITTED. ON 10-11-10, A REPLY LOG# 1010-205-077, MARKED AS EXHIBIT (B2), WAS DENIED. ON 10-12-10, A FORMAL GRIEVANCE WAS SUBMITTED TO THE SECRETARY, FL. DEPT. OF CORR. ON 10-25-10, A REPLY LOG# 10-6-32155, MARKED AS EXHIBIT (B3), WAS DENIED.

2)  ON 9-27-10, PLAINTIFF, SOUTER, SUBMITTED A GRIEVANCE OF REPRISAL. ON 10-4-10, A REPLY LOG# 1009-205-342, MARKED AS EXHIBIT (C) WAS RETURNED APPROVED. ON 10-21-10, AN APPEALED GRIEVANCE WAS SUBMITTED. ON 10-29-10, A REPLY LOG# 10-6-33645, MARKED AS EXHIBIT (C2), WAS DENIED.

RESPECTFULLY SUBMITTED,

John D. Souter
JOHN D. SOUTER JR., 019286
FLORIDA STATE PRISON
7819 N.W. 228TH ST.
RAIFORD, FL. 32026

CASE 3:10-CV-00065-MCR-EMT     DOCUMENT 93-1     FILED  5-26-2011          PAGE  4 OF 4

### CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN FURNISHED BY U.S. MAIL TO : ASSISTANT ATTORNEY GENERAL LANCE E. NEFF, FL. BAR # 26626 AT, OFFICE OF THE ATTORNEY GENERAL, THE CAPITOL, PL-01, TALLAHASSEE, FL. 32399-1050, & CLERK, UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF FLORIDA, SUITE 226, ONE NORTH PALAFOX ST., PENSACOLA FL. 32502, ON THIS 26 DAY OF MAY, 2011.

J/ John D. Souter Jr.

JOHN D. SOUTER JR.

EXHIBIT (b)

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

(Instructions on Back)

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name Souker, John | DC Number 079286 | Quarters K 1208 | Job Assignment | Date 9.28.10 |
|---|---|---|---|---|---|

**REQUEST**                       Check here if this is an informal grievance ☑

UPON DISCOVERY OF RELEVENT INFORMATION IN SUPPORT OF FACTS DETAILING VIOLATIONS THAT CONSTITUTES CRUEL & UNUSUAL PUNISHMENT GIVES PROBABLE CAUSE TO THE PROLONGED DELAY IN RESOLVING REMEDIES ON THIS LEVEL. ON 10.22.08, AN EMERGENCY TRANSFER FROM SANTA ROSA C.I. WHERE I WAS ESCORTED UNDER THE VIDEO FOOTAGE OF THE POST-USE OF FORCE PROCEDURE, ESCORTED BY A ~~LT. WILKINSON~~ WITH SGT. JOHN DOE I & A C.O.I. FROM THE VAN UP THE RAMP TO THE CHANGE-OUT CELL BEHIND TIMES SQUARE, I WAS THEN TAKEN TO MEDICAL & REVIEWED. ON 10.22.08, AT APPROXIMATELY 7:00 A.M. CHEMICAL AGENT WAS APPLIED & I SPENT MORE THAN 10 HOURS WITHOUT A POST USE OF FORCE SHOWER. DURING THE EVALUATION IN F.S.P. MEDICAL DEPT, DID NOT INCLUDE A SHOWER. POST USE OF FORCE PROCEDURES ARE PROMULGATED & IMPLEMENTED INTO D.O.C. POLICY WAS FURTHER BREACHED, WHEN THE USE OF FORCE CAMERA WAS TERMINATED BEFORE I WAS SECURED IN CELL Q-1201. I WAS NEVER AFFORDED THE OPPORTUNITY TO SHOWER THIS VIOLATION BY F.S.P. IS AN AVERSION TO MY DUE PROCESS RIGHT & SERIOUS MEDICAL NEEDS AND CONSTITUTES CRUEL & UNUSUAL PUNISHMENT, WHERE I SUFFERED VOMITTING, SKIN IRRITATION, DIFFICULTY BREATHING, DUE TO THE PROLONGED EXPOSURE TO THE AGITANT. I'VE BEEN SUBJECTED TO A HOSTILITY & THE OBSTRUCTION OF ACCESSING INFO. DUE TO A PARTIAL INVESTIGATION NOT ONE OFFICER HAS BEEN DISCIPLINED OR RECEIVED ADDITIONAL TRAINING FOR THE PROHIBITED CONDUCT. THE INDIFFERENCE OF AUTHORITIVE MEMBERS OF F.S.P. CONTINUES TO PUT MY HEALTH & SAFETY AT RISK.

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will ~~be responded~~ to in writing.

DO NOT WRITE BELOW THIS LINE

**RESPONSE**   SEP 27 2010
log# 921089
FSP GRIEVANCE OFFICE                    DATE RECEIVED: 10/4/10

You have had 2 years to file your complaint with this office. You have had an adequate amount of time to file your complaint and have failed to do so. Therefore, your grievance is being returned with out action.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _Returned_ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): K. Adams | Date: 10/4/10 |
|---|---|

Original: Inmate (plus one copy)
~~CC:~~ Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

EXHIBIT (BL)

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: __Joiker, John__   __079286__   __F.S.P.__
        Last   First   Middle Initial   Number   Institution

---

Part A – Inmate Grievance

APPEAL TO DENIAL LOGGED # 9671039

THE ATTACHED REPLY DOES NOT ADEQUATELY FOLLOW PROCEDURES PROMULGATED AND IMPLEMENTED BY D.O.C. POLICY. NO INVESTIGATION HAS BEEN IMPLEMENTED ON THE DOCUMENTED INCIDENT THAT OCCURRED ON 10.22.08. F.S.P. STAFF WANTON DISREGARD TO POLICY, PLACED MY LIFE & HEALTH AT RISK, INFRINGEMENT THAT INCLUDED THE COLLUSION TO ABRUPT THE USE OF FORCE FOOTAGE AND PROCEEDS BEFORE, I WAS SECURED ON Q-WING. NEITHER WAS I AFFORDED THE OPPORTUNITY TO SHOWER AFTER THE PROLONGED EXPOSURE TO CHEMICAL AGENT THAT CAUSED FURTHER HARM; RESPIRATORY PROBLEMS, SKIN IRRITATION AND VOMITTING. THIS AVERSION OF MY DUE PROCESS RIGHT AND SERIOUS MEDICAL NEEDS, VIOLATED AND CONSTITUTED CRUEL & UNUSUAL PUNISHMENT. FROM THE LOGGED #9671039 DENIAL, THERE HAS BEEN NO INTENTION TO RESOLVE THE MATTER, BY CONTINUED OBSTRUCTING GRIEVANTS CHANCE TO REMEDY THE VIOLATIONS, SINCE THE INCIDENT, NO OFFICER HAS BEEN DISCIPLINED, OR GIVEN ADDITIONAL TRAINING FOR THE PROHIBITED CONDUCT. GRIEVANT HAS SINCE BEEN SUBJECT TO EXCESSIVE FORCE THAT RESULTED IN SIGNIFICANT INJURIES & REPEATED RETALIATION. GRIEVANT SEEKS, IMMEDIATE ACTION APPROPRIATED BY THIS OFFICE.

**SEE ATTACHED RESPONSE**

__10.6.10__                              __John Joiker 079286__
DATE                                     SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:     ___ / ___
                                                                          #      Signature

10 A    1010-205-077

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103 Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: __10-7-10__        Institutional Mailing Log #: _____        _____
                            (Date)                                                                 (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY        CENTRAL OFFICE
                INMATE (2 Copies)            INMATE
                INMATE'S FILE                INMATE'S FILE - INSTITUTION/FACILITY

EXHIBIT (B2)

**PART B - RESPONSE**

| SOUTER, JOHN | 079286 | 1010-205-077 | FLORIDA STATE PRISON | K1308S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been reviewed and evaluated.  The subject of your grievance is currently being reviewed by the investigative section of the Office of the Inspector General.  A copy of your complaint will be forwarded to that section to be included as a part of the current review. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.  As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied. A review of the use of force report also indicates that the use of force was approved.

You may obtain further administrative review of your complaint by obtaining form DC 1-303 Request for Administrative Remedy or Appeal, completing the form, providing attachments as required, and forwarding your complaint to the Bureau of Inmate Grievance Appeals.

D. Worthington

STEVEN F. SINGER
WARDEN
FLORIDA STATE PRISON

10/11 /10

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

**COPY DISTRIBUTION -INSTITUTION / FACILITY**
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

**COPY DISTRIBUTION - CENTRAL OFFICE**
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

OCT 1 8 2010



**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**RECEIVED**

OCT 20 2010

DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden     ☐ Assistant Warden     ☑ Secretary, Florida Department of Corrections

From: Souker, John          .079296          F.S.P.
Last   First   Middle Initial          Number          Institution

Part A – Inmate Grievance          0-6-33155

Pursuant to grievance logged #1009.205.342

Grievant has been subject to retaliation, that exceeds the consideration of Administrative remedy. This office may need to issue Temporary Restraining Orders, due to the risk of health & safety reason of grievant.

10·12·10
DATE

John Souker 079286
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____ / _____
                                                                         #          Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103 Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievanc will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

10h (205)

Submitted by the inmate on: 10/12/10     Institutional Mailing Log # 2050101206     K. adams
                          (Date)                                                    (Received By)

                                                                                    Chemical agents

DISTRIBUTION:     INSTITUTION/FACILITY          CENTRAL OFFICE
                  INMATE (2 Copies)              INMATE
                  INMATE'S FILE                  INMATE'S FILE - INSTITUTION/FACILITY

EXHIBIT (b3)

MAILED/FILED
WITH AGENCY CLERK

OCT 2 7 2010

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| SOUTER, JOHN | 079286 | 10-6-33155 | FLORIDA STATE PRISON | K1308S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your appeal has been reviewed and evaluated. The subject of your grievance is currently being reviewed by the investigative section of the Office of the Inspector General. A copy of your complaint will be forwarded to that section to be included as a part of the current review. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.

Any further correspondence regarding this issue should be directed to the Inspector General's Office.

As this process was initiated prior to the receipt of your grievance, your request for action by this office is denied.

C. NEEL

10/25/2010

---

SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

EXHIBIT (L)

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From: Cowker, John                    09286            FSP
      Last   First   Middle Initial        Number         Institution

Part A – Inmate Grievance

GRIEVANCE OF REPRISAL & SENSITIVE NATURE ;

DUE TO THE SENSITIVE NATURE OF CURRENT EVENTS INVOLVING THREATENING EPITHETS AND MALICIOUS INTENT BY OFFICERS AT F.S.P. PURSUANT
TO POLICY PROMULGATED AND IMPLEMENTED BY D.O.C., GRIEVANT RELIES ON THIS VEHICLE TO REASONABLY PROTECT AGAINST THE CONSTANT
ANTAGONISM, RETALIATION AND OBSTRUCTION OF MY DUE PROCESS RIGHT. THE INSTITUTION, NOT THE SECRETARIES OFFICE HAS SOUGHT TO
REMEDY THE FLAGRANT VIOLATIONS. AFTER AN EMERGENCY TRANSFER FROM SANTA ROSA C.I., TO F.S.P., I WAS SUBJECTED TO A HOSTILITY
THAT ESCALATED TO A POINT TO WHERE MY HEALTH AND SAFETY ARE AT RISK, DUE TO THE UNLAWFUL CONDUCT AS THE RECEIVING
INSTITUTION OF AN EMERGENCY TRANSFER, F.S.P. DID NOT AFFORD ME THE OPPORTUNITY TO SHOWER AND DECONTAMINATE THE
PROLONGED EXPOSURE TO CHEMICAL AGENT, VIOLATING MY RIGHTS AND THE POLICIES IMPLEMENTED BY D.O.C. POST-USE OF FORCE
PROCEDURE, IS CLEAR ON THE FACT THAT THE VIDEO FOOTAGE IS TO COVER THE INCIDENT IN ITS ENTIRETY, BUT NEITHER WAS
THIS FOLLOWED TO THE LETTER. ON 10-22-09, I WAS ESCORTED BY LT. WILLIAMSON, HIS SGT. AND A C.O.I., AND THREATENED
DUE TO THE ALLEGED STABBING INCIDENT AT SANTA ROSA C.I. I WAS TOLD IF ANY PART OF THIS WAS ADDRESSED
IF HE DIDN'T, HIS CREW WOULD BEAT MY ASS UP INTO A BAD HABIT, WHICH OCCURRED ON 1-20-10. SINCE THE
PARTIAL INVESTIGATION, THERE HAS BEEN NO REPRIMAND, DISCIPLINE, NOR ADDITIONAL TRAINING TO CORRECT
AN INSTITUTIONAL CUSTOM FOR THE PROHIBITED CONDUCT THAT CONSTITUTES CRUEL & UNUSUAL PUNISHMENT
WHEN HARM IS ITS OWN EXPENSE. GRIEVANTS DUE PROCESS RIGHT AND SAFETY, IS AT RISK FROM ANY
INSTANCES OF OFFICERS AMONG THE GOOD OLE BUDDY NETWORK HERE AT F.S.P. WOULD LIKE IT RECORDED
THAT EVERY ATTEMPT WAS MADE BY GRIEVANT TO REMEDY THE FLAGRANT VIOLATION AND WIDESPREAD
ABUSE.

**SEE ATTACHED RESPONSE**

9·27·2010                              John Cowker 09286
DATE                              SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:              /
1009-205-342                                          #        Signature

100

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103 Florida Administrative Code.  When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office.  The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution.  If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 9/28/10         Institutional Mailing Log #:                    K. adams
                         (Date)                                              (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY          CENTRAL OFFICE
                 INMATE (2 Copies)             INMATE
                 INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY

EXHIBIT (C)

**PART B - RESPONSE**

| SOUTER, JOHN | 079286 | 1009-205-342 | FLORIDA STATE PRISON | K1308S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been reviewed and evaluated. The issue of your complaint has been referred to Office of the Inspector General for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling.

As action has been initiated, you may consider your request for administrative remedy approved from that standpoint.

D. Worthington

SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

10/4/10
DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

OCT 0 8 2010

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

RECEIVED

OCT 25 2010

DEPARTMENT OF CORRECTIONS
F. INMATE GRIEVANCES

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden  ☐ Assistant Warden  ☑ Secretary, Florida Department of Corrections

From: Souker, John     019286    
    Last   First   Middle Initial     Number     Institution

---

Part A – Inmate Grievance    10-6-33645

Appeal of Grievance logged #1010-205-077

The exact claim was made by administration two years ago. The result of that gross negligence, lead to the collision of excessive DRs written against me and this approval of excessive use of force. There has been a complete failure by administration, to discipline, provide, additional training, nor the dismissal of these officials for the prohibited conduct thats been continuous by officials aware of the 10-22-08 incident. My health & safety is at constant present risk to this customary procedure outlined in #1010-205-077 response. Grievant expects this office to not only reasonably protect grievants interest, but as well take immediate actions in the removal of this threat to my life.

---

DATE   10-21-10         SIGNATURE OF GRIEVANT AND D.C. #   John Souker 019286

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:   /  
       #       Signature

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

### Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 10-21-10    Institutional Mailing Log # 205-1010-21-01    (Received By)
    (Date)

                                        10h (205)

DISTRIBUTION:    INSTITUTION/FACILITY      CENTRAL OFFICE
                INMATE (2 Copies)         INMATE
                INMATE'S FILE           INMATE'S FILE - INSTITUTION/FACILITY   Ofc. J. Frizzell
                INSTITUTIONAL GRIEVANCE FILE     CENTRAL OFFICE INMATE FILE
                                     CENTRAL OFFICE GRIEVANCE FILE   Ofc. A. Parrott

DC1-303 (Revised 2/05)

EXHIBIT (C2)



**PART B - RESPONSE**

| SOUTER, JOHN | 079286 | 10-6-33645 | FLORIDA STATE PRISON | K1308S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative review has been received, reviewed, and evaluated.

Your allegation was referred to the Office of the Inspector General for review and was not supported by the evidence reviewed.

Any further correspondence regarding this issue should be directed to the Inspector General's Office.

Based on the forgoing information, your appeal is denied.

C. NEEL

10/29/2010

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding